HULL v. SACRAMENTO VALLEY RAILROAD CO.

THE fact that fire was communicated from the engine of defendant's cars to plaintiff's grain, with proof that this result was not probable, from the ordinary working of the engine, is, *prima facie*, proof of negligence, sufficient to go to the jury.

Their finding in such case will not be reviewed by the Appellate Court.

APPEAL from the Sixth District.

*Latham & Sunderland*, for Appellant.

The record does not disclose any negligence on part of the defendant, its agents. The burden of proof of negligence is on the party complaining of the injury done, and mere proof of an injury does not raise a presumption of negligence. (*Bachelder* v. *Hagan*, 18 Maine, 32; *Stewart* v. *Hawley*, 22 Barb. 619; *Phila. & Reading R. R. Co.* v. *Zeiser*, 8 Barr, 366; *Herring* v. *Wil-*

---

Hull *v.* Sacramento Valley Railroad Co.

---

*mington & Raleigh R. R. Co.* 10 Iredell, 402 ; *Aldridge* v. *Gr. West-ern R. R. Co.* 3 M. & G. 515 ; 9 Cal. 251.)

*Heydenfeldt,* for Respondent.

The fact of fire occurring from the engine, is *per se* proof of negligence to go to the jury, if, ordinarily, such damage is not produced, and the onus is upon the defendant to excuse it.

Such an occurrence was not the ordinary result of running the engine, and, therefore, negligence is implied. (*Herring* v. *W. & R. R. R. Co.* 10 Iredell, 406; *Ellis* v. *P. & R. R. R. Co.* 2 Id. 138 ; *Piggot* v. *E. Co. R. R.* 3 M. G. & S. 229 ; 54 E. C. L. 229.)

BALDWIN, J. delivered the opinion of the Court—COPE, J. and FIELD, C. J. concurring.

This is an action for negligence, whereby the plaintiff lost his grain growing near the railroad track, which loss was occasioned by fire emitted from the engine of the cars of defendant. The case was tried by a jury, who found for the plaintiff. The main ground of error relied on is, that the verdict is unsustained by the proofs.

The plaintiff offered evidence tending strongly to prove, that the fire was communicated from the engine of defendant's cars to his grain. But no specific acts of negligence were shown. There was proof to show, that this result was not probable from the ordinary working of the engine. The plaintiff now contends, that this is, itself, *prima facie* proof, that some remissness or negligence existed, especially as there is no proof that, from any unexpected or uncontrollable accident or event, the result happened.

The authorities are not agreed upon the question of negligence, or rather, the facts which raise the presumption of it. In *Ellis* v. *P. & R. R. Co.* (2 Iredell, 140,) is an opinion of Judge Gaston on a question like this in its general features. That eminent jurist said : "The company are not liable for an injury like that complained of, if they use all the care to prevent it which the nature of their business allows ; but we also think, that as no evidence was offered to show what care they did use in the case under consideration, there was no foundation laid for asking the instruction. We admit, that the gravamen of the plain-

tiff is damage caused by the negligence of the defendants.   But
we hold, that when he shows damage resulting from their act,
which act, with the exertion of proper care, does not ordinarily
produce damage, he makes out *prima facie* a case of negligence,
which cannot be repelled but by proof of care, or of some extra-
ordinary accident which renders care useless." The case of *Her-
ring* v. *W. & R. R. R. Co.* (10 Iredell,) reviews the case in 2 Ire-
dell.  We do not understand it as even questioning that decision,
though the Court refuse to apply the principle to a different
state of facts.   The Court say:   "It was proven, that the cars
had been running for a long time without doing any damage,
and, things remaining in the same condition, the fact that fire
was communicated on a particular occasion, was properly held
to be *prima facie* evidence that it was the result of negligence."
*Piggot* v. *Eastern Counties Railroad Co.* (54 Eng. C. L. 233,) is a
case very analogous to this in many circumstances.  The Court
held the defendant liable on the ground of negligence, though
the defendant proved that the engines of the company were of
the best construction and of adequate power, and that on the
occasion in question, all practical care had been taken to prevent
accidents by fire; all four of the Judges sitting held, that the
fact of the building being fired by sparks emitted from defend-
ant's engine established a *prima facie* case of negligence, which
called upon them to show that they had adopted some precau-
tions to guard against such accidents.

*Haylett* v. *Philadelphia & Reading Railroad Co.* (23 Penn. 373,)
is in point.   There, it was proved, that the road passed seventy-
seven feet from the dwelling-house of the plaintiff, and that the
house was set on fire from sparks from engines passing at a time
when the weather was very dry and windy, and the wind blow-
ing across the road to plaintiff's house.   The defendant proved,
that all their engines were in good order, and all provided with
good spark-catchers.   The lower Court directed a verdict for
defendant, but the Supreme Court, on appeal, reversed the judg-
ment, holding that the question of negligence, on the facts in
that case, was a question for the jury.

The facts in this case should have been put to the jury, for
them to determine the question of negligence, or the want of it,
and we cannot review their finding.

We have looked at the other points made, but there is nothing in them requiring a detailed examination.

Judgment affirmed.