[No. 3868.]

# HENRY v. SOUTHERN PACIFIC RAILROAD COMPANY.

OBJECTION TO TESTIMONY.—An objection that testimony introduced by the plaintiff in the court below was inadmissible under the averments of the complaint, cannot, for the first time, be made in the Supreme Court.

IDEM.—When a motion is made to strike out testimony, the moving party should specify his objections with like particularity as is required in pointing out an objection to a question.

EVIDENCE TO PROVE DAMAGE CAUSED BY FIRE.—If a railroad company permits dry grass to remain standing between the railroad track and the fence, in such quantities as to show negligence, evidence of the fact, in an action to recover damages for the destruction of a crop by fire in an adjoining field, alleged to have been caused by sparks from a locomotive, is admissible.

WHEN PARTY IS NOT INJURED BY REFUSAL TO STRIKE OUT TESTIMONY.—If, in such case, there is some evidence that such dry grass had been recently burned, and it also appears that the fire originated in an adjoining field, and the court refuses to strike out the evidence about the dry grass, but instructs the jury to disregard it if the fire did not originate in such dry grass, it will be presumed, in view of the charge, that no injury was done by the refusal to strike out.

EVIDENCE SUFFICIENT TO PREVENT NONSUIT.—If, in an action against a railroad company to recover damages alleged to be caused by a fire communicated by sparks from a locomotive, there is evidence tending to show that the fire was not the probable result of the ordinary working of the locomotive, and that the fire was communicated from the engine, this is sufficient evidence of negligence to go to a jury, and a nonsuit should not be granted.

DAMAGES FOR NEGLIGENCE OF RAILROAD COMPANY.—If, by the negligence of a railroad company, a fire, communicated from the sparks of an engine, commences on the premises of one proprietor and spreads to those of another, and destroys his crop, the latter may recover damages for the injury, if the injury was the direct consequence of the original firing.

EVIDENCE TENDING TO PROVE NEGLIGENCE.—In an action against a railroad company for damages caused by a fire alleged to have been communicated from the sparks escaping from a locomotive, the plaintiff may prove that prior to and subsequent to the fire which caused the injury, and about the same time, other fires were kindled in the vicinity by the same engine.

APPEAL from the District Court, Twentieth Judicial District, County of Monterey.

Action to recover damages for the destruction by fire of unthreshed wheat in stacks, and threshed wheat in sacks, and stubble standing in the field of the plaintiff in Monterey County. The negligence alleged in the complaint was in driving and propelling the locomotive. There was no allegation about negligence in permitting dry grass to remain in the defendant's right of way.

On the trial, the plaintiff proved that he owned a field through which the railroad passed, and that, in August, 1872, a fire, which commenced in an adjoining field, spread into his own, and burned across the same for the width of three hundred yards, and for a distance of half a mile, and destroyed his grain. The plaintiff's testimony tended to show that the fire occurred two or three minutes after the engine passed, and that the engine had been used on the road for two or three months, and was a small one, but was accustomed to haul heavy trains,—more than it had the capacity to draw,—and that it labored and blowed on the day of the fire, being burdened with a heavy train of cars loaded with wheat, and that immediately before and after the fire in question, it had caused numerous fires along the track in that vicinity. The testimony also tended to show that the distance from the railroad track to the fence was fifty feet; and that, between the track and fence, grass had been suffered to grow during the spring, which had become dry. The testimony also tended to show that when an engine was overloaded, it would emit more sparks and ashes than when it hauled a reasonable amount of freight, and that the engine in question was a pony engine used to make up trains, which ought not to haul more than four cars, but that it was in the habit of hauling ten.

The defendant objected to all the testimony about other fires, but the court overruled the objection.

The defendant moved the court to nonsuit the plaintiff, on the following grounds:

First. That no presumption is to be indulged in against

the defendant from the mere fact that fire escaped from the
locomotive, that it was guilty of negligence in allowing said
fire so to escape; and that no other evidence has been in-
troduced tending to show negligence on the part of the de-
fendant.

Second. That it appears that the damage sustained by
plaintiff is secondary and remote, in this: That the fire
complained of escaped from defendant's locomotive and
ignited the field of one Cagney, an adjoining proprietor to
plaintiff, and from thence escaped to the field of plaintiff.

The court overruled the motion, and defendant excepted.

The plaintiff had a verdict and judgment, and the defend-
ant appealed from the judgment and from an order denying
a new trial.

The other facts are stated in the opinion.

*S. W. Sanderson*, for the Appellant.

The court erred in permitting testimony of other fires. (1
Greenleaf on Ev., Sec. 448; *Collins* v. *Inhabitants of Dor-
chester*, 6 Gray, 396; *Aldrich* v. *Inhabitants of Pelham*, 1 Id.
510; *Kidder* v. *Inhabitants of Dunstable*, 11 Id. 342; *Marti-
nez* v. *Planel*, 36 Cal. 578; *B. & S. Railroad Co.* v. *Woodruff*,
4 Md. 253.)

The court below erred in not striking out all the evidence
in relation to the condition of the land lying within the de-
fendant's right of way. The testimony showed clearly that
the fire did not start within the defendant's right of way,
but in the field of Cagney. In view of this fact, the con-
dition of the right of way—whether covered with combus-
tible material or not—became wholly immaterial and abstract.
But, if possible, a still more conclusive reason is found in
the fact that the complaint does not allege any negligence
in the matter of keeping the right of way free from com-
bustible materials. The only negligence alleged is as to the
manner of "driving and propelling the engine." Hence the
question, as to the condition of the right of way, was en-
tirely outside of the issues. The court below should have
nonsuited the plaintiff. The motion was made upon two
grounds, each of which was good.

First. The mere fact that sparks escaped from the defendant's engine and kindled a fire which ultimately consumed the plaintiff's grain, does not establish negligence on the part of the defendant; and the fact of the escape of the fire and burning of the grain was the only evidence introduced by the plaintiff.

Second. The sparks which escaped from the engine did not fall in the plaintiff's field, but in the field of one Cagney, an adjoining proprietor, where it kindled a fire, which, under the influence of a strong wind, extended into the field of the plaintiff. Under such conditions there can be no recovery.

As to the first ground: The defendant being engaged in a lawful business—lawful, if for no other reason, because authorized by the Legislature—was only bound to provide and use the most approved machinery in general use, to prevent the escape of fire, and not to so overload the engine as to neutralize the action of such machinery, if overloading would have that effect. Not having failed to perform its duty in these respects, the escape of sparks and the kindling of the fire in question was *dammum absque injuria.* (*The Toledo, etc., R. R. Co.* v. *Pindar et al.,* 53 Ill. 447.)

This precise question—whether the plaintiff can recover upon proof merely that a spark escaped from the engine of the defendant and kindled a fire upon his building which consumed it—has been considered and determined in the negative by the Supreme Court of Connecticut. (*Burroughs* v. *Housatonic R. R. Co.,* 15 Conn. 124; *McReady* v. *South Carolina R. R. Co.,* 2 Strobhart, 356; *Macon, etc., R. R. Co.* v. *McConnell,* 27 Geo. 481; *Railroad Co.* v. *Teisser,* 8 Penn. St. 366.)

As to the second ground: Conceding, for the sake of the argument, that there was some proof of negligence beyond the mere fact of the fire, the nonsuit should have been granted upon the ground that the damages were too remote.

The fire was not started in the plaintiff's field, but in Cagney's field; or, if counsel upon the other side prefer, within the defendant's right of way. That it did not start in plaintiff's field is the material fact for the purposes of the present

point. The question, then, to be determined, is this: Does the negligent burning of a field of grain and the spreading of the fire thence to another field of grain, belonging to another person, and the burning thereof, give to the owner thereof a right of action against the defendant?

So far as I am advised, the courts, so far as they have responded to this question, have done so in the negative. (*Ryan* v. *N. Y. Central R. R. Co.*, 35 N. Y. 210; *Macon, etc., R. R. Co.* v. *McConnell*, 27 Geo. 481.)

Mr. Sanderson also argued that the verdict was against the weight of evidence.

*N. C. Briggs,* for the Respondent.

The court did not err in allowing the plaintiff to prove that other fires had occurred in the vicinity, caused by defendant's engine. (*Hull* v. *S. V. R. R. Co.*, 14 Cal. 388; *Gerke* v. *Cal. Nav. Co.*, 9 Cal. 255; *Sheldon* v. *H. R. R. Co.*, 4 Kern. 219; *Holbrook* v. *U. S. R. R. Co.*, 2 Kern. 242; *Gandy* v. *C. and N. W. R. R. Co.*, 6 Am. R. 683, and authorities there cited; 30 Iowa, 420; Shearman and Redfield on Negligence, 397, Sec. 333; *Piggott* v. *Eastern Counties R. Co.*, 3 C. B. 229.)

The court did not err in not striking out the testimony relating to the condition of the land within the defendant's right of way.

The question in this case was one of negligence, and plaintiff was not compelled to allege specific facts, nor to prove any particular acts of negligence. (*Nolton* v. *Western R. R. Co.*, 15 N. Y. 444; *Robinson and Wheeler*, 25 N. Y. 252; *Edgerton* v. *N. Y. & H. R. R. Co.*, 35 Barb. 389; *Winterson* v. *Eighth Av. R. R. Co.*, 2 Hilt. 389; *McCauley* v. *Davidson*, 10 Minn. 418 ; *Indianapolis R. R. Co.* v. *Kealy, Administrator*, 23 Ind. 133.)

The motion for nonsuit was properly denied. The fact of fire escaping from defendant's engine and burning the grain of plaintiff, is *prima facie* evidence of negligence. (*Hull* v. *S. V. R. Co.*, 14 Cal. 387; *Ill. Central R. R. Co.* v. *Mills*, 42 Ill. 407; *Bass* v. *C. B. & Q. R. Co.*, 28 Ill. 9; *Ellis*

v. *Portsmouth, etc., R. Co.*, 2 Ired. N. C. 138; *Piggott* v. *Eastern Counties R. Co.*, 3 Man. & Gr. & Scott, 229; 54 E. C. L. 228.)

Defendant must so use his property as not to injure that of another. (*Gandy* v. *Chicago & N. W. R. R.*, 30 Iowa, 420.)

By the Court, MCKINSTRY, J.:

The plaintiff introduced, without objection, evidence tending to show that defendant had permitted dry grass to remain between the track of the railway and the fence, in such quantities as would constitute a means of communicating fire from the engine to the field beyond the fence. The defendant subsequently moved to strike out all testimony relating to the condition of the strip of land between the track and the fence, "for the reason that it appeared from the whole evidence introduced by the plaintiff that the combustible material, if any, on said strip was not an element in causing the ignition or burning of plaintiff's property." The denial of the motion to strike out by the court below is assigned as error.

The motion was not based upon the ground that the testimony was inadmissible under the averments of the complaint, and that objection cannot first be made here. Where a motion is made to strike out testimony the moving party should specify his objections to the testimony with like particularity as is required in pointing out an objection to a question. (*Sill* v. *Reese*, 47 Cal. 341.) If the dry herbage was permitted to remain standing in such quantities as showed negligence, evidence of that fact, in the absence of an objection of variance from the allegations of the pleading, would ordinarily be admissible. (*Flynn* v. *S. F. & S. J. R. R. Co.*, 40 Cal. 14.)

There was some evidence that the grass on defendant's "right of way" had been recently burned, and it was a question of fact for the jury whether the fire was lighted there or in the field adjacent. If, however, as argued by counsel for appellant, the evidence was conclusive that the fire commenced in the field of Cagney, we ought not to assume that

the jury, without any evidence, found that it commenced on the "right of way." If the court had granted defendant's motion, it could not have obliterated from the memories of the jury the evidence already received. The order granting the motion would have constituted an implied direction to the jury to disregard the testimony. In the charge of the court the jury were distinctly told that if the fire was not communicated by the dry grass or herbage on the line of the railroad, the condition of the "right of way" as to dry grass or herbage was immaterial, and required no consideration at their hands. It must be presumed, in view of the charge, that no injury was done defendant by the denial of his motion to strike out.

The court below properly refused a nonsuit. We think there was evidence tending to prove that the fire was not the probable result of the ordinary working of a locomotive under like circumstances, and in such case evidence that the fire was communicated from the engine is evidence of negligence sufficient to go to the jury. (*Hall* v. *Sac. V. R. R. Co.*, 14 Cal. 387.) There was, however, evidence of specific negligence, in that there was evidence tending to prove that the particular engine was required to perform service which caused it to "labor," and to emit more sparks than if a less number of cars had been attached to it.

Again: It is said that the nonsuit should have been granted, inasmuch as the fire was not kindled in plaintiff's field, but in the field of one Cagney, an adjoining proprietor, from which it extended into the field of the plaintiff.

The legal proposition involved in the foregoing statement is, that if by negligence a fire shall commence on the premises of one proprietor and spread from thence to those of another, the latter shall never have his action against him guilty of the negligence. We think this proposition cannot be maintained. To refute it, it is not necessary to establish the counter proposition that the adjoining proprietor thus injured shall always recover. It may be assumed, perhaps, that a city fire which has its origin in one building will not ordinarily extend throughout a block, and yet a jury may be justified in saying, when a fire is started in a field which con-

stitutes a portion of a larger tract of dry grass, or corn fully ripe, that it will usually be driven into another field, from which the first is separated only by a fence of boards. It is a rule applicable to all cases of mere negligence, that the wrongdoer is liable for the proximate and not for the remote consequences of his default. A long series of judicial decisions has defined proximate, or immediate and direct damages to be the ordinary and natural results of the negligence; such as are usual and as, therefore, might have been expected; and this includes in the category of remote damages such as are the result of an accidental or unusual combination of circumstances, which would not be reasonably anticipated, and over which the negligent party has no control. In *Ryan* v. *N. Y. C. R. Co.*, cited by appellant's counsel, the court held when a railroad company negligently set fire to its own woodshed and the sparks communicated the fire to and destroyed the house of another proprietor, one hundred and thirty feet from the shed, that no cause of action existed in favor of the owner of the house. (35 N. Y. 210.) In that case no new principle was involved. The learned judge who delivered the opinion placed the decision on the ground that the burning of the house was not to be expected from the first firing. (See *Webb* v. *R. W. & O. R. Co.*, 49 N. Y. 420.) It would be strange if, among the numerous cases in which resort has been had to the rule of the law of negligence to which we have referred, courts had not differed in their application of the rule; but for the purposes of this action it may be admitted that the rule was properly applied in Ryan's case. We are still confident, considering the long dry season of California and the prevalence of certain winds in our valleys, that it may be left to a jury to determine whether the spreading of a fire from one field to another is not the natural, direct or proximate consequence of the original firing.

We think there was no error in permitting proof that prior and subsequent to the fire which produced the injury complained of, other fires were kindled by defendant's engine. The evidence was confined to fires caused by the same engine, in the same vicinity and about the same time.

Similar evidence, except that no time was specified, was said by the Court of Appeals in Maryland to have been properly rejected. (*Balt. & Susq. R. Co.* v. *Woodruff*, 4 Md. 254.) And the Supreme Court of Pennsylvania seems to have held that the firing of a plaintiff's woods, on several other occasions, by a defendant's locomotives, was not evidence from which could be inferred negligence in the management of a particular engine at a certain time. (*R. R. Co.* v. *Yeiser*, 8 Pa. St. 366.) On the other hand, it has been determined in New York that evidence of the frequent dropping of sparks and burning coals by engines passing upon the same road on previous occasions is relevant and competent to show negligence, and to make it probable that plaintiff's injury proceeded from the same quarter. (*Field* v. *N. Y. C. R. Co.*, 32 N. Y. 339; *Sheldon* v. *Hudson River R. Co.*, 14 N. Y. 218.) This is the view adopted by the learned authors of an exhaustive work on the law of negligence. (Shearman and Redfield, 333.) And such seems to be the law as declared by the Supreme Court of Iowa. (*Gandy* v. *C. & Northwestern R. Co.*, 30 Iowa, 422.)

We think the evidence objected to tended to prove that the fire in question was caused by sparks from the engine, and also that there was something wrong in the management or defective in the construction of the engine. Evidence is admissible if it is of a circumstance which, with other circumstances, may bring home to the mind a conviction of the main matter in issue. There may be difficulty in many instances in drawing the line of separation between evidence which thus tends to establish the issue, or from which, in accordance with ordinary experience, a reasonable inference may be drawn as to the principal matter in dispute, and evidence of facts simply collateral. The last class of evidence is not admissible. (1 Greenl. Ev. 448.) In the case before us, it may be possible that defendant was not prepared to produce evidence (which in reality existed), tending to prove that the other fires were not caused by its negligence. There is nothing in the record, however, to suggest such surprise; and when evidence tends to establish the ultimate fact, the inconvenience

of disproving the circumstance testified to, or of showing that the usual and natural presumption to be drawn from the circumstance ought not to be indulged in, does not always constitute a reason for rejecting the evidence. The admission or rejection of such evidence may resolve itself into a question of policy and expediency dependent upon the pressing necessity of resorting to circumstantial evidence in cases in which direct evidence is not ordinarily to be had.

We find no material error in the instructions. The bill of exceptions contains no specifications of the particulars wherein the evidence fails to sustain the verdict.

Judgment and order affirmed.

Mr. Chief Justice WALLACE did not express an opinion.