[No. 7883. In Bank.—September 26, 1885.]

WILLIAM BUTCHER, RESPONDENT, v. VACA VALLEY AND CLEAR LAKE RAILROAD COMPANY, APPELLANT.

NEGLIGENCE—RAILROAD—DAMAGE CAUSED BY SPREADING FIRE—PLEADING—EVIDENCE—VARIANCE.—The action was against a railroad company to recover damages for injuries caused by fire. The complaint alleged that through the negligence of the defendant fire from its locomotive was suffered to escape and did escape, and by reason thereof came upon the land of the plaintiff, causing the injury complained of. The evidence was that the fire commenced on the land of another, from which it spread to the land of the plaintiff. *Held*, that there was no variance.

ID.—ORDINARY RESULT OF NEGLIGENCE—QUESTION FOR JURY.—In such a case, the question whether the damage done to the plaintiff was an ordinary and natural result of the negligence must be determined by the jury from all the circumstances proved.

ID.—RIGHT TO USE FIRE—UNAVOIDABLE INJURY.—A railroad company authorized by its charter to use steam power necessarily has the right to use fire as a means of generating steam, and is not liable for injuries unavoidably produced by the fire kept for such purpose.

ID.—EVIDENCE OF SIMILAR FIRE.—On the trial, a witness testified that about two weeks after the fire complained of, at a place from a quarter to half a mile distant from the spot where it was kindled, he saw fire in a field near the defendant's road, just after a train had passed, drawn by the same engine from which it was claimed the sparks escaped causing the damage to the plaintiff. *Held*, that the evidence was admissible.

ID. — SUBSEQUENT REPAIRS TO ENGINE. — Evidence is also admissible that soon after the fire the engine was repaired so as more effectively to retain the sparks.

ID. — REVIEW OF THE EVIDENCE — CONCLUSION. — On a review of the evidence, *held*, that the negligence of the defendant was *prima facie* established.

APPEAL from a judgment of the Superior Court of Solano County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Jos. McKenna*, for Appellant.

*G. A. Lamont*, and *Walter Van Dyke*, for Respondent.

McKINSTRY, J. — No exception was taken to any portion of the charge of the court to the jury.

The complaint alleges that, on a certain day, the defendant was engaged in running its trains on its railway, "and while so engaged, by reason of the carelessness and negligence of said company and the engineers and employees thereof, the fire from the engine and locomotive of said road was suffered to escape and did escape, and by reason thereof *came upon the land of the plaintiff* herein, and consumed," etc.

There was evidence to prove that the fire commenced on the land of one *Wilson*, and from thence spread and extended to the land of plaintiff. The defendant, in due form and at the proper time, objected to any evidence "being admitted under these pleadings which tends to establish, show, or indicate any other initial point of the fire than that alleged in the complaint."

The objection is that there is a substantial variance between the averment of the complaint and the evidence offered.

The averment is that the fire having escaped "came upon the land" of the plaintiff, and consumed and destroyed his crop, etc. We are not prepared to say that the mere fact that fire, arising out of the negligent act of a defendant, on the premises of one proprietor, has extended to the premises of another, always and necessarily gives a cause of action to the latter. As was said in *Henry* v. *S. P. R. R. Co.* 50 Cal. 182 : —

"It is said that the nonsuit should have been granted, inasmuch as the fire was not kindled in plaintiff's field, but in the field of one Cagney, an adjoining proprietor, from which it extended to the field of the plaintiff.

"The legal proposition involved in the foregoing statement is, that if by negligence a fire shall commence on the premises of one proprietor and spread from thence to those of another, the latter shall never have his action against him guilty of the negligence. We think this proposition cannot be maintained. To refute it, it is not necessary to establish the counter-proposition that the adjoining proprietor thus injured shall always recover. It may be assumed, perhaps, that a city fire which has its origin in one building will not, ordinarily, extend throughout a block; and yet a jury may be justified in saying when a fire is started in a field which constitutes a portion of a larger tract of dry grass, or corn fully ripe, that it will usually be driven into another field, from which the first is separated only by a fence of boards. It is a rule applicable to all cases of mere negligence that the wrong-doer is liable for the proximate and not for the remote consequences of his default. A long series of judicial decisions has defined proximate, or immediate and direct damages, to be the ordinary and natural results of the negligence, such as are usual and as, therefore, might have been expected; and this includes in the category of remote damages such as are the result of an accidental or unusual combination of circumstances which would not be reasonably anticipated, and over which the negligent party has no control. In *Ryan* v. *N. Y. C. R. Co.*, cited by appellant's counsel, the court held when a railroad company negligently set fire to its own wood-shed, and the sparks communicated the fire to and destroyed the house of another proprietor 130 feet from the shed, that no cause of action existed in favor of the owner of the house. (35 N. Y. 210.) In that case no new principle was involved. The learned judge who delivered the opinion placed the decision on the ground that the burning of the house was not to be expected from the first firing. (See *Webb* v. *R. W. & O. R. Co.* 49 N. Y. 420.) It would be strange if, among the numerous cases in which resort has been had to the rule of the law of negligence to which we have referred, courts had not differed in their application of the rule; but for the purposes of this action it may be admitted that the rule was properly applied in Ryan's case. We are still confident, considering the long dry season of California and the prevalence of certain winds in our valleys, that it may be left to

a jury to determine whether the spreading of a fire from one field to another is not the natural, direct, or proximate consequence of the original firing."

It is laid down by Shearman and Redfield: "One who . . . . by want of ordinary care sets fire to land which does not belong to him, is responsible for all the proximate consequences of his act, not only to the owner of the land on which the fire begins, but also to the owner of any other property which the fire may reach in its spread." (On Negligence, 330.) But the case referred to by them, *Finley* v. *Langston*, 12 Mo. 120, merely holds that (under *a statute* which declared that whoever wilfully sets on fire a prairie or woods, and that fire occasions damage to another, shall be liable to a certain penalty) a defendant was liable who started a fire on *his own* premises which extended to those of his neighbor.

It is not necessary here to decide that the mere fact that the fire commenced in the field of one man and extended to another would establish *prima facie* that the damage done in the second field was an ordinary and natural result of the defendant's negligence. That was a matter to be determined by the jury, in view of all the circumstances proved. It is enough to say such damage might be an ordinary and natural consequence.

It will be observed that no objection was made to the sufficiency of the complaint by demurrer or otherwise. There is no suggestion that the mere statement in the complaint of facts tending to prove that the injury done to the plaintiff was caused by the negligence of the defendant, is not a direct averment that the defendant set fire to the plaintiff's crop, or that the destruction of his crop was the direct consequence of the negligence of defendant. If the complaint was defective, we think the defect was cured by verdict.

The averment is that the fire started by the defendant came to plaintiff's land. This is not an allegation that it began on his lands, and we think the averment was sustained by evidence that it came to his lands from the lands of another. The precise objection of variance was not well taken.

In *Henry* v. *S. P. R. R. Co. supra*, the court also said: "We think there was no error in permitting proof that prior and subsequent to the fire which produced the injury complained

of, other fires *were kindled* by defendant's engine. The evidence was confined to fires caused by the *same engine, in the same vicinity,* and about the same time."

At the trial of this cause a witness, Sherman Marshall, was permitted, notwithstanding the objection of defendant, to testify that about two weeks after the fire which is alleged to have burned the plaintiff's property (at a place from a quarter to one half a mile distant from the spot where the fire in question here was kindled), he saw fire in a field near the defendant's road, just after a train of cars had passed, drawn by the same engine from which, as claimed, the fire escaped which caused the damage sustained by plaintiff.

Evidence that sparks and burning coals were frequently dropped by engines passing upon the same road upon previous occasions has been held to be relevant and competent to show negligence, and to make it probable that the plaintiff's injury proceeded from the same quarter. (Sherman & Redfield, 333 ; *Field* v. *N. Y. Central,* 32 N. Y. 339; *Sheldon* v. *Hudson River,* 14 N. Y. 218; 67 Am. Dec. 155; *Henry* v. *S. P. R. R. Co. supra.*) So evidence that sparks have frequently been carried by the wind, etc. (*Sheldon* v. *Hudson River, supra; Piggatt* v. *Eastern Counties,* 3 Com. B. 229.) As was said in *Henry* v. *S. P. R. R. Co.,* "evidence is admissible if it is of a circumstance which, with other circumstances, may bring home to the mind a conviction of the main matter in issue. There may be difficulty in many instances in drawing the line of separation between evidence which thus tends to establish the issue, or from which, in accordance with ordinary experience, a reasonable inference may be drawn as to the principal matter in dispute, and evidence of facts simply collateral. The last class of evidence is not admissible." (1 Greenleaf on Evidence, 448.)

In the aspect of the case most favorable to defendant, there is no evidence in the record that the fire which caused the destruction of plaintiff's crop was caused by defendant's engine, other than the fact the fire commenced, or was seen, very soon after the engine passed, and that a high wind was blowing. As an inference from these facts, considered with or without reference to evidence as to the character of the engine, its management, etc., the jury may have been authorized to find,

that the engine caused the fire.   Conceding evidence that engines of defendant communicated fire to other property, on other occasions, would tend to show negligence, and to render it more probable that the fire was, in this case, so communicated, can facts from which a similar inference might be drawn give greater force to the *inference* that the fire which destroyed the plaintiff's property came from the defendant's engine, because the engine had just passed and a wind was blowing?   The witness did not swear that, on the occasion to which he testified, he saw sparks issuing from the smoke-stack.   Certainly such evidence approximates very closely the line which separates evidence merely collateral and independent from evidence bearing upon the issue made by the pleadings.   It may be said to be an attempt to add to a probability by another probability; to support an inference by an inference.   Yet, if it is permissible by direct proof to show that other fires were caused by defendant's engines, is it not permissible to show facts tending to prove that other fires were so caused?   If many fires had occurred along the line of defendant's road, under circumstances like those appearing in the present case, the fact would have tended to prove negligence on the management of defendant's business, and that this particular fire was started by sparks from the locomotive.   Proof of a single fire should have much less weight than proof of many fires, but we cannot say it was absolutely irrelevant.

The defendant moved for a nonsuit on the ground that plaintiff had given no evidence of negligence.

In some of the States (Maine, Massachusetts, New Hampshire), railroad companies are made by statute absolutely liable for injuries caused by fire proceeding from their engines, irrespective of their negligence.   (Shearman & Redfield on Negligence, 344.)   Our attention has been called to no such statute of this State.   In the absence of statute, the rule is that inasmuch as railroad companies, authorized by charter to use steam power, have necessarily the right to use fire as a means of generating steam, and are therefore not liable for fires *unavoidably* produced by keeping fire for such a purpose — " one who seeks to recover on account of injuries caused to his property by sparks, smoke, or coal escaping from a locomotive, the use of

which is authorized by law, must prove some negligence apart from the mere fact of injury," etc.    (Shearman & Redfield, 332.) It has been said, however, that the plaintiff may rely upon a *presumption* as evidence of negligence.    In the opinion of the learned writers already quoted, the rule most just, and sustained by the best authorities, is: "The origin of the fire being proved, it rests upon the defendant to show that it used all necessary precautions to avoid doing such mischief.    The natural presumption would be that by the use of ordinary care engines could be constructed so as to avoid such consequences; and if that is so, a presumption of negligence arises from their not being so constructed."    (§ 333.)

In the case at bar it is not necessary, however, to appeal to the presumption of negligence mentioned by Shearman and Redfield.    Even where that doctrine has been denied, " it is held that a presumption of negligence is raised by evidence that engines can be, and are sometimes so made as to retain their sparks."    (§ 333.)

In *Hull* v. *Sacramento Valley R. Co.* 14 Cal. 387, 73 Am. Dec. 656, it was held the fact that fire was communicated from defendant's engine to plaintiff's grain, with proof that this result was not probable from the ordinary working of the engine, was *prima facie* proof of negligence, sufficient to go to the jury.    And so it was decided by the Supreme Court of North Carolina that, although the position is not tenable, that whenever damage is done the law implies negligence, yet when the plaintiff shows damage resulting from the act of the defendant, which act, with the exertion of proper care, does not ordinarily produce damage, he makes out a *prima facie* case of negligence.    (*Herring* v. *W. & R. Co.* 10 Ired. 402; 51 Am. Dec. 395.    And see also *Piggatt* v. *Eastern Counties R. Co.* 3 Com. B. 228.)

In the case before us the plaintiff proved by the witness A. J. Stevens, the general master-mechanic of the Central Pacific Railroad Company, that a perfect engine, properly equipped and properly run, will not ordinarily throw out sparks sufficient to start a fire.

The plaintiff also proved, by Joseph .Erhart, the engineer in charge of the engine when the fire occurred, that a little more than two weeks afterwards some repairs or changes were made

by defendant in the engine. At the time of the fire the trap-door (or opening into the smoke-stack) had two nettings one inch apart. One of these was removed to the top of the smoke-stack. This testimony was objected to on the ground that it was immaterial and irrelevant.

We cannot say the evidence was totally irrelevant. It might fairly be argued that more sparks would issue from the smoke-stack before the change. The valve being opened, and the draft increased, live cinders lying between the two nettings (one inch apart) might be forced beyond the upper netting. In such case it might be argued that more sparks would escape from the stack than if there was a larger space between the two nettings in which the cinders or sparks might die out.

The plaintiff also gave evidence tending to prove that the *Vacaville* (the locomotive in question) was a small, light engine, not more than half the weight of engines ordinarily employed, and that opposite the place where the fire commenced it was pulling a long train up a "grade"; that "she had to exert herself to pull much of a train"; that an engine with short flues is more liable to throw fire through the smoke-stack than one with longer flues, the fire having less distance "to travel"; that there was a curve near the place where the fire destructive of plaintiff's property occurred, which increased the pull up the ascent; and that when attacking a grade it was usual to give more steam, the effect of the exhaust being to increase the draft.

We think there was sufficient evidence of negligence to send the case to the jury.

The plaintiff having made out his case *prima facie*, it remained for the defendant to overcome it by showing that it had used all reasonable care and diligence in securing a proper engine, and in the management of it to prevent the happening of fires. Taking the whole case as presented by the parties there was a substantial conflict of evidence, with respect to the issue of negligence, and in accordance with the established rule, we are not authorized to set aside the verdict.

Judgment and order affirmed.

MORRISON, C. J., MYRICK, J., THORNTON, J., and McKEE, J., concurred.