[Civ. No. 12619. Second Appellate District, Division Two.—February 17, 1941.]

LAURA ALLEN, Appellant, v. CITY OF LOS ANGELES (a Municipal Corporation), Respondent.

Dempster & Dempster and Jerrell Babb for Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Victor P. Spero and Louis A. Babior, Deputies City Attorney, for Respondent.

MOORE, P. J.—From a judgment after order sustaining a general demurrer to the complaint without leave to amend, plaintiff appeals.

The complaint alleges that prior to December, 1938, the city commenced the construction of a storm drain within an alley, which intersects Indiana Street, 150 feet west of Lincoln Avenue, both public highways in the city of Los Angeles; that such construction required an excavation across the sidewalk, along the side of Indiana Street; that a board bridge was built across the excavated portion of the sidewalk; that "in the construction and building of said board bridge the defendants caused same to be built by the laying of boards across said excavation the top of which boards were of even height with the top of said sidewalk and that said boards were so laid and nailed in place by the defendant without due or any regard for the protection of people using said sidewalk and said bridge and carelessly and negligently caused to be placed across said sidewalk and bridge at each end where said bridge met said sidewalk a timber which was approximately 2 inches thick and 6 inches wide and which timber of said dimensions at each end of said bridge where it met said sidewalk were securely nailed and fastened, said 2 timbers each extending clear across said sidewalk and caused an obstruction to be in said sidewalk which was raised 2 inches above the level of said sidewalk and above the level of said bridge; . . . that said obstruction above described was not guarded or protected by any warning signs, barriers, lights or signals of any kind or nature whatsoever"; that

upon such bridge was a dangerous and defective condition for all pedestrians; it was not guarded or protected by any signs, lights or barriers; that defendant had notice and knowledge of the existence of the dangerous condition but failed to remedy the same within a reasonable time; that on December 24, 1938, at 9 o'clock P. M., while passing along the sidewalk and without any knowledge that the obstruction was upon the bridge, and no barrier or light being at the point, plaintiff caught her foot on the obstruction and was thrown violently upon the paved sidewalk and sustained injuries, which were described.

The city's liabilty for plaintiff's injuries is predicated upon the provisions of the Public Liability Act of 1923 (Stats. 1923, p. 675; Deering's Gen. Laws 1937, Act 5619). That act makes a city liable for injuries to persons "resulting from the dangerous or defective condition of public streets and highways" etc., where the governing board of the city, after notice or knowledge of such condition, fails for a reasonable time to remedy such condition. From an examination of the numerous decisions which have considered the question of liability, under the provisions of the above act, it is evident, as we have heretofore held, "that as a general rule, it is a question for the jury to determine whether the defect in the sidewalk or street is of such a nature as to render the city liable." (*Ackers* v. *City of Los Angeles*, 40 Cal. App. (2d) 50 [104 Pac. (2d) 399].) If this general rule is to be applied to the facts alleged in plaintiff's complaint, we must of necessity hold that the demurrer thereto was improperly sustained.

Notwithstanding the universal acceptance of the doctrine announced by the rule as declared, respondent urges that an exception thereto should prevail as against the complaint at bar. The exception referred to is that where the defect from which the accident resulted is of a minor or trivial nature, the court may then determine as a matter of law that the city is relieved from liability. (Citing *Whiting* v. *National City*, 9 Cal. (2d) 163 [69 Pac. (2d) 990]; *Nicholson* v. *City of Los Angeles*, 5 Cal. (2d) 361 [54 Pac. (2d) 725]; *Taylor* v. *Manson*, 9 Cal. App. 382 [99 Pac. 410].) But the cited cases do not support defendant's position. Each of those cases involves an appeal by the defendant from a judgment following a trial on the merits. In the Whiting case,

the court found that one square of the cement walk was gradually raised three-fourths of an inch above the adjacent square; that this "defective and unsafe condition" which existed for six years during which four people had stumbled and fallen over the joint and suffered injuries; that the defendant city had constructive notice of the existence of such defect. No attempt was made to prove that the city had actual knowledge of the defective condition.

On appeal by the defendant, the judgment was reversed because the existence of the defect was common knowledge in the community and plaintiff was familiar with it. She tripped over it in daylight while walking toward the exposed side of the risen square of cement. Although the city had constructive knowledge of the defective condition of the sidewalk, yet it had no notice of its dangerous character, which was essential to recovery in such cases. (*Nicholson* v. *City of Los Angeles, supra.*) The statute of 1923 creating liability in such cases must be strictly construed against the claim. (*Cook* v. *Superior Court*, 12 Cal. App. (2d) 608 [55 Pac. (2d) 1227].) In the Nicholson case, the defective condition complained of was very much like that in the Whiting case. It had existed for a long time and its character was so trivial as to be insufficient to charge the city with constructive notice of its existence. In the Taylor case the court expressly refrained from deciding whether the defect was too slight to be non-actionable as a matter of law. Judgment was reversed because of error in the instructions. Thus it will appear that the authorities relied upon by respondent merely support the principle that where a defective condition in a sidewalk is of a trivial nature, the court will hold as a matter of law that its existence is insufficient in and of itself to charge the city with constructive notice thereof. But in the instant case, the complaint alleges that the defendant had actual notice of the defective condition. ■ Upon demurrer, such allegation must be accepted as true.

We have considered the authorities cited by respondent (*Kawiecka* v. *City of Superior*, 136 Wis. 613 [118 N. W. 192, 21 L. R. A. (N. S.) 1020]; *Kleiner* v. *City of Madison*, 104 Wis. 339 [80 N. W. 453]) upholding the doctrine that the court may declare as a matter of law that a trivial defect in a sidewalk is non-actionable. Both cases were tried on the merits. The Kawiecka case involved a defective sidewalk constructed with planks two inches in thickness nailed to the

upper side of the walk on a bridge one-half mile in length, leaving the lower part of the walk unchanged. The Wisconsin court emphasized that want of repair in a highway "is always one for a jury unless the conditions and circumstances are so clear and convincing as to leave no room for reasonable controversy" and concluded that "it is not always easy to determine just where the province of the court in passing upon such a question ends and that of a jury begins." The Kleiner case arose out of the fact that a residential owner of Madison laid an apron less than two inches in thickness consisting of pine planks fastened with cleats, *as a protection to the public against slipping on the frozen pavement.* It was held that the apron was a proper covering of the walk for the purpose for which it was laid. But in view of our own decision, these cases at their best are without efficacy. The facts in the case at bar are not to be distinguished from those presented in the case of *Ackers* v. *City of Los Angeles, supra,* wherein we held that whether a defect in a sidewalk is of such a nature as to render the city liable is a question of fact. The Ackers case involved a depression in a sidewalk two inches deep, twelve inches long and three inches wide. In the case before us, the condition complained of consisted of an elevation in the sidewalk two inches high, six inches in width and as long as the width of the sidewalk. Also, it was a newly-created condition and plaintiff had no knowledge of it. There is no appreciable distinction between this elevation on a sidewalk and the two-inch depression in a pavement. Certainly it cannot be said as a matter of law that the alleged condition is so trivial as to be non-actionable.

 The final contention advanced by respondent is that the temporary portion of the sidewalk was constructed in the manner customarily followed in such construction work and that there is no allegation that there was anything unusual about such a method of construction. The cases cited in support of this contention are not in point. (*James* v. *City of San Francisco,* 6 Cal. 528, 529 [65 Am. Dec. 526]; *Hammer* v. *Philadelphia,* 104 Pa. Super. 119 [158 Atl. 659]; *Boughn* v. *Los Angeles City School District,* 7 Cal. App. (2d) 347 [46 Pac. (2d) 223].) It is sufficient to say that there is nothing in the record to support such contention. The allegation is merely that the temporary portion of the sidewalk was constructed in such a manner as to constitute a dangerous and defective condition, of which defendant had knowledge.

Whether or not the temporary structure used as the sidewalk was constructed in the customary or usual manner is a question of fact to be proved at the trial of the case.

Inasmuch as this appeal is from a judgment entered after sustaining a demurrer to the complaint, we have had to consider nothing except the legal doctrine heretofore discussed with reference to the insufficiency of the defective condition to create an actionable cause.

In view of the foregoing, the judgment is reversed with instructions to overrule the demurrer.

Wood, J., and McComb, J., concurred.