# SOUTTER *a.* MATHER.

*Supreme Court, First District; At Chambers, November,* 1862.

## VERIFICATION BY ATTORNEY.

In all cases of verification by the attorney, he must state his knowledge or grounds of belief.

Motion to vacate a judgment.

This action was brought by James T. Soutter against John C. Mather, as maker, and Richard Schell, as indorser, of a promissory note for eleven hundred dollars. The verification of the complaint was as follows:

[VENUE.] Jesse W. Benedict, being duly sworn, says, that he is one of the firm of Benedict & Boardman, the attorneys for the plaintiff in this action, that the foregoing complaint is true to his own knowledge, except as to those matters therein stated on information and belief, and as to those matters, he believes it to be true. Deponent further says, that this action is founded upon a written instrument for the payment of money only; namely, a promissory note, and such instrument is in the possession of deponent's said firm, as attorneys for the plaintiff.

[JURAT.]                                        [SIGNATURE.]

The defendant Mather answered the complaint. His answer was verified as follows:

[VENUE.] Alexander Spaulding, being duly sworn, says, that he is one of the attorneys for the defendant Mather in this action, and that he has read the foregoing answer, and knows the contents thereof, and that the same is true according to this deponent's belief; that the reason why he believes the same to be true is, because the said defendant Mather told him so.

[JURAT.]                                        [SIGNATURE.]

The plaintiff's attorneys returned the answer as not sufficiently verified. The defendants' attorneys reserved the answer,

calling plaintiff's attention to the fact that they claimed a right to serve an unverified answer, on the ground of defective verification of the complaint. Plaintiff entered judgment by default against Mather, as for want of an answer, and issued execution, which defendant Mather moved to vacate.

*Torrance & Spaulding,* for the motion.

*Benedict & Boardman,* opposed.

BARNARD, J.—In Stannard *a.* Mattice (7 *How. Pr.*, 4), Treadwell *a.* Fassett (10 *Ib.*, 184), Meads *a.* Gleason (13 *Ib.*, 309), Boston Locomotive Works *a.* Wright (15 *Ib.*, 253), it is laid down, that in all cases of verification by an attorney, he must state his knowledge or grounds of belief.

The cases of Meade *a.* Gleason and Treadwell *a.* Fassett, in which the court held the verifications defective, were actions on promissory notes, the verifications were by attorney in substantially the same form as the verification to the complaint in this action.

As these decisions were rendered at special terms in other districts, I should not feel bound to follow them if I thought them erroneous ; but I think the construction given by these decisions to the section of the Code under consideration correct.

Motion granted, with $10 costs.