[No. 6,892.—In Bank.]
April 4, 1882.

## B. B. NEWMAN ET AL. *v.* URBAN BIRD.

UNLAWFUL DETAINER—LANDLORD AND TENANT—DEMAND FOR RENT.—In an action by a landlord against a tenant for holding over after default in the payment of rent and demand therefor, the demand proved was for "the sum of ten dollars which became and was due from you as such rent to us on the twenty-eighth day of April, 1879, for the *preceding* month of your tenancy," etc. and it was objected that the notice failed to denote *what* preceding month was intended: *Held:* The notice was sufficiently definite.

ID.—VERIFICATION OF PLEADING BY AGENT.—In an action of unlawful detainer the complaint was verified by an agent of the plaintiff, who stated in the affidavit that the facts stated in the complaint were within the knowledge of affiant. *Held:* The complaint was properly verified.

ID.—OTHER ACTION PENDING—FINDING—CONCLUSION OF LAW.—Upon the issue of another action pending in the same Court for the same cause of action, the Court found "that there was not at the time of the commencement of this action any other action pending in this Court between the

parties to this action for the same cause of action mentioned and contained in the cause of action set forth in the complaint in this action."
*Held:* The finding was sufficient.

APPEAL from a judgment for plaintiffs in the County Court of Alameda County. REDMAN, J.

*Taylor & Haight,* for Appellant.

The notice served on the defendant by plaintiffs was insufficient, and not in accordance with Subdivision 2 of Section 1161, C. C. P. One who seeks the summary remedy allowed by the statute must bring himself closely within its terms. (*Opera House Association* v. *Bert,* 52 Cal. 471; *Brewster* v. *Bours,* 8 id. 501; *People* v. *Matthews,* 38 N. Y. 451; *Deuel* v. *Rust,* 24 Barb. 438. The complaint was not properly verified (C. C. P. §§ 1175, 446.)

The circumstance of the facts being within the knowledge of the affiant is no evidence that they were not also within the knowledge of the plaintiffs, or that plaintiffs were absent from the county, or unable to verify it. The statute is imperative that the complaint must be verified. See, also: *Fitch* v. *Bigelow,* 5 Howard Prac. 237; *Waggoner* v. *Brown,* 8 id. 212; *Soutter* v. *Mather,* 14 Abbott's id. 440. The finding on the pendency of another action, which was pleaded as a bar to this action, is a conclusion of law, and not sufficient as a finding of fact on that point.

*B. B. Newman, Propria Persona.*

*S. W. Holladay,* for Respondents.

The verification of the complaint was sufficient (C. C. P. § 446; *McCullough* v. *Clark,* 41 Cal. 298–302; *Wilkin* v. *Gilman,* 11 id. 225; *Meads* v. *Gleason,* 13 id. 309; *Imlay* v. *New York R. R. C.,* 1 Sandford, 732; *Gourney* v. *Wersuland,* 3 Duer. 613).

The finding upon the issue of another action pending is the finding of an ultimate fact and not a conclusion of law. (*Jones* v. *Clark,* 42 Cal. 180, 192–3; *James* v. *Williams,* 31 id. 211.)

MORRISON, C. J.:

Action to recover the possession of certain premises in the

complaint described, alleged to have been leased by plaint-
iffs to defendant.    The case comes up on the pleadings and
findings—there being no bill of exceptions or statement in
the record.

The findings show that the plaintiffs were, on the twenty-
ninth day of October, 1878, and ever since have been, tenants
in common of the premises; that on that day they leased
the same to the defendant for the term of one month; that
by virtue of said lease defendant went into the possession
thereof, and that he still remains in possession of the same,
although the term of the lease has expired; that by virtue
of the lease there became due to the plaintiffs, on the twenty-
eighth day of April, 1879, the sum of ten dollars, and on
the twenty-eighth day of May, 1879, the additional sum of
ten dollars; that no part of said sums has been paid; that
on the tenth day of June, 1879, demand of the rent was
duly made in writing, but the defendant failed, neglected
and refused to pay the same within three days; that demand
upon the defendant to deliver up the possession of the prem-
ises was duly made; that the defendant has neglected and
refused to surrender such possession; that the defendant
wrongfully withholds the premises from the plaintiffs; that
there was not, at the time of the commencement of this
action, any other action pending between the parties to this
action, for the same cause mentioned and set forth in the
complaint.    From the foregoing findings of fact, the Court
found, as a conclusion of law, that the plaintiffs were en-
titled to a judgment for the restitution of the premises in
the complaint described.

1. The first point made on appeal is that the demand of the
rent was insufficient, under Subdivision 2 of Section 1161, C.
C. P.    The notice was that "we hereby demand of you to pay
the rent of the premises hereinafter described, and which you
now hold possession of as our tenant, and which is unpaid, to
wit, the sum of ten dollars, which became and was due from
you as such rent to us on the twenty-eighth day of April,
1879, for the preceding month of your tenancy, and the sum
of ten dollars, which became due from you as such rent to us
on the twenty-eighth day of May, A. D. 1879, for the preced-

ing month of your tenancy, making a total sum of rent now due and unpaid of twenty dollars."

The contention is, that the notice is bad because it is simply for the rent of the preceding month, and does not denote what the preceding month was. We think, however, that the notice was sufficiently definite. The month preceding the twenty-eighth of April was, by fair intendment, the month commencing on the twenty-eighth of March, and the month preceding the twenty-eighth of May was the month commencing on the twenty-eighth of April. A fuller specification of the facts would not have given the defendant a clearer conception of the meaning and purpose of the notice.

2. The next point relates to the verification of the complaint. By Section 1175, C. C. P., it is required that the complaint in this form of action, shall be verified. The complaint in this case is verified by one Bird, who states that he is the agent of the plaintiffs; that he has heard read the foregoing complaint; that he knows the contents thereof, and that the same is true of his own knowledge, except as to the matters therein stated on his information or belief, etc.; that the facts stated are within the knowledge of the affiant, and therefore affiant swears that the facts stated in the complaint are within his own knowledge, and that they are true.

Section 446 of the Code of Civil Procedure provides that "when a pleading is verified it must be by the affidavit of a party, unless the parties are absent from the county where the attorney resides, or for some cause unable to verify it, or the facts are within the knowledge of his attorney, or other person verifying the same. When the pleading is verified by the attorney, or any other person except one of the parties, he must set forth in the affidavit the reasons why it is not made by one of the parties." The reason given in this case for the verification of the complaint by the agent is, that the facts are within his knowledge, and that brings the case within the language of the section of the Code above cited. We are therefore of the opinion that the complaint was properly verified.

3. The last point relied upon by the appellant is, that there is no finding upon the allegation of the answer "that during the month of April, 1879, the plaintiffs in this action brought

an action in this Court of unlawful detainer against the defendant herein, for the purpose of obtaining restitution of the identical premises for which they seek restitution in this action," and that said action is still pending and undetermined. The finding of the Court upon this allegation is "that there was not, at the time of the commencement of this action, any other action pending in this Court between the parties to this action for the same cause of action mentioned and contained in the cause of action set forth in the complaint in this action."

It is claimed that the above finding is a conclusion of law and not a finding of fact. The finding negatives the allegation in the answer, and we are unable to discover any objection to it. Whether there was or was not another action pending in the same Court between the same parties for the same cause, were matters of fact, and not conclusions of law. We think the finding was sufficient, and, no error appearing in the record, the judgment is affirmed.

THORNTON, ROSS, MYRICK, McKINSTRY, and SHARPSTEIN, JJ., concurred.