[No. 12267. In Bank. — January 15, 1889.]

RICHARD SILCOX et al., Appellants, v. MAX LANG et al., Respondents.

PLEADING — VERIFICATION BY ATTORNEY — CONSTRUCTION OF CODE. — The verification of a pleading by an attorney, which shows no inability of the party to make the verification, must state directly that the facts verified are within the knowledge of the attorney. He cannot verify upon information and belief in such case, nor is it sufficient to state that the facts are more fully known to him than to the party he represents.

ID. — MOTION TO STRIKE OUT UNVERIFIED ANSWER. — A motion should be granted to strike out an unverified answer, or one which is insufficiently verified by the attorney of the party making the answer.

ACTION ON INJUNCTION BOND — PLEA OF SETTLEMENT — MOTION TO STRIKE OUT. — An answer in a suit on an injunction bond which pleads a settlement of the original suit, which by its terms was limited to such controversies as then existed, is no defense to an action on the injunction bond, the cause of action upon which subsequently arose; and though a demurrer would be more appropriate as a means of testing its sufficiency, it is so clearly bad that a motion to strike it out is proper.

TRIAL BY JURY — PEREMPTORY CHALLENGES — PASSING JURORS. — The right to challenge a certain number of jurors peremptorily is absolute under the statute; and the fact that a party has once passed the jury, including the juror afterward sought to be challenged, does not cut off this right. The right may be exercised at any time before the juror is sworn.

ID. — IMPANELING OF JURY. — IRREGULARITY — BILL OF EXCEPTIONS — AFFIDAVITS — PRACTICE ON MOTION FOR NEW TRIAL. — The impaneling of a jury is a part of the trial within the meaning of the code, and any ruling of the court with respect thereto, or upon challenges interposed, if erroneous, is an error of law occurring at the trial to be presented by a bill of exceptions or statement, and not an irregularity to be presented by affidavits, on motion for new trial.

EVIDENCE — ADMISSIONS OF ANSWER. — It is not error to exclude evidence to prove facts which are admitted by the answer.

ID. — INSUFFICIENT DEFENSE. — Evidence should not be received, if objected to, in support of facts set up in an affirmative count of the answer which ought to be stricken out as insufficient, nor will evidence in support of such defense sustain a verdict for the defendant.

ID. — INSUFFICIENT PROOF OF SETTLEMENT. — Evidence which fails to show that a settlement pleaded in the answer included the matter here in litigation, or that plaintiffs all participated in or authorized the settlement, will not sustain a verdict for the defendants.

WAIVER OF DEMURRER — TRIAL WITHOUT RULING. — A demurrer to the answer will be deemed to be waived when the court proceeds to try the case without a ruling on the demurrer, and without plaintiffs calling for any ruling, or calling the attention of the court to it in any way.

APPEAL from a judgment of the Superior Court of Trinity County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. W. Turner*, and *C. E. Williams*, for Appellants.

*D. G. Reid*, for Respondents.

WORKS, J. — This is an action on an injunction bond. The complaint alleges the bringing of the action, the giving and approving of the bond, issuing of the injunction, judgment in favor of the defendants, dissolution of the injunction, and damages. There was a demurrer to the complaint, which was overruled. The defendants answered, denying the right of the plaintiffs to do the acts which they were enjoined from doing in the former action, and denying the damages.

They also answered by way of confession and avoidance as follows: " That on or about the —— day of ——, 1885, and before the entry of the judgment mentioned in plaintiffs' complaint, R. Silcox, acting for himself, and as the agent of the other plaintiffs herein, and J. W. Philbrook, acting as the attorney for the plaintiffs herein on one side, and James A. Johnson and his attorney, W. J. Tinnin, on the other, settled all matters in controversy between plaintiffs herein and James A. Johnson, in the case of *James A. Johnson* v. *R. Silcox et al.*, being No. 163; that said settlement was made by R. Silcox selling all his rights, title, and interest in the property and mine mentioned in plaintiffs' complaint herein, and each party or parties to said suit of *James A. Johnson* v. *R. Silcox et al.*, No. 163, were to pay their or his own costs and stop all proceedings in the case, and all matters in controversy between the plaintiffs herein and James A. Johnson were then and there settled in full, and a large sum of money was paid by James A. Johnson to R.

Silcox, acting for himself and the other plaintiffs herein, to make such full settlement."

The answer was not verified. Motion was made to strike it out for that reason. The attorney for defendants asked leave to verify the same himself, and tendered the following verification: —

" D. G. Reid, being duly sworn, deposes and says, in behalf of the defendants in the above-entitled action, that he has read the foregoing answer and knows the contents thereof, and that the same is true of his own knowledge, except as to those matters which are therein stated on information or belief, and as to those matters, that he believes it to be true; that he is the attorney for defendants, and as such attorney the facts are more fully known to him than said defendants, and therefore he makes this affidavit."

Objection was made, on the ground that the affidavit was insufficient and stated no reason why the verification was not made by a party. The objection was overruled, and the answer permitted to be filed, to all of which the plaintiffs excepted.

Thereafter, a motion was made, on substantially the same grounds, to strike out the answer, which was denied.

There was also a motion to strike out the affirmative answer set out above, on the ground that the same was " sham, redundant, and immaterial matter," which was also overruled. There was also a demurrer to this count of the answer, which was never ruled upon.

There was a trial by a jury of eight. In impaneling the jury, each of the parties challenged a juror peremptorily; the plaintiffs then announced that they were satisfied with the jury; the defendants challenged a second juror, and announced that they were also satisfied, whereupon the plaintiffs offered to challenge another juror, to which the defendants objected, on the ground that it was contrary to section 601 of the Code of Civil Procedure,

and that plaintiffs had waived the right to challenge such juror, and could not do so without good cause. The objection was sustained, and the right to challenge denied. Other jurors were called to supply the places of those who had been challenged, whereupon the plaintiffs renewed their challenge to the same juror, and the right to such challenge was again denied.

The jury being sworn, the plaintiffs offered in evidence the judgment in the injunction case, which was objected to, and excluded.

The plaintiffs having rested their case, defendants proposed to offer evidence, whereupon the plaintiffs objected to "any evidence going to prove the allegations of the separate defense in the answer, upon the grounds that the same does not state facts sufficient to constitute a defense to the action." The objection was overruled, and the evidence heard.

The jury returned a verdict for defendants, and judgment was rendered accordingly. A new trial was denied, and the plaintiffs appeal from the order and judgment.

1. The objection to the filing of the answer and the motion to strike it out raises the question as to the sufficiency of the verification by the attorney. The code provides that " where a pleading is verified it must be by the affidavit of a party, unless the parties are absent from the county where the attorney resides, or from some cause unable to verify it, or the facts are within the knowledge of his attorney or other person verifying the same." (Code Civ. Proc., sec. 446.)

Here are three conditions, the existence of either of which authorizes a verification by the attorney: 1. The absence of the party from the county where the attorney resides; 2. The inability of the party from some other cause to verify; 3. That the facts are *within the knowledge* of the attorney.

The affidavit before us does not bring the case within either of the first two conditions. It shows no reason

why the pleading might not have been verified by the parties. It attempts to state the third condition, but it fails to do so. The attorney is only authorized to verify where the facts are within his knowledge. In other words, he must deny or affirm *from actual knowledge of the facts*, and not upon information and belief, as the party is permitted to do.

The affidavit here does not show that the facts were within the knowledge of the attorney, but that the facts are *more fully known to him than said defendants*. This is insufficient. It attempts to fix the extent of his knowledge by a comparison with that of some one else, the extent of whose knowledge is not shown. The affiant may have known something of the least material of the facts. The party, while without knowledge of all of the facts, might have had such information and belief as would have enabled him to verify as to all of them. The practice of attorneys verifying for their clients should be discouraged, and to that end the provisions of the code referred to should receive a strict construction. Therefore, to authorize a verification by an attorney, it must be shown by the affidavit, in direct terms, that the facts are "within his knowledge," where the right to verify is based upon this clause of the statute.

The object of the verification is to insure good faith in the averments of the party. (*Patterson* v. *Ely*, 19 Cal. 28.) This end could not be attained by the approval of such a verification as the one before us.

In New York, the statute is similar in its requirements to ours, but it provides that the attorney "shall set forth in the affidavit his knowledge or *the grounds of his belief* on the subject, and the courts of that state have held that this clause qualifies the first and authorizes him to verify on information and belief, as the party may do." (*Stannard* v. *Mattice*, 7 How. Pr. 4; *Soutler* v. *Mather*, 14 Abb. Pr. 440.) But the clause upon which such verification is approved, in the cases cited, is omitted from

our statute, leaving the positive and unqualified require-
ment that the facts must be within his knowledge, to
authorize the attorney to verify the pleading. (*Newman
v. Bird*, 60 Cal. 372; *In the Matter of Hotchkiss*, 58 Cal.
39.) And as he can only verify by reason of the fact
that he has personal knowledge of the facts, it follows,
necessarily, that he must verify from such knowledge,
and not from information and belief.

For the reasons stated, the court below erred in per-
mitting the answer to be filed, and in refusing to strike
it out on appellants' motion.

2. The motion to strike out the special or affirmative
answer should also have been sustained. It wholly
failed to show a settlement of the matter in controversy
in this action, and was limited by its terms to such con-
troversies as then existed. The cause of action here did
not arise, and could not have been prosecuted until the
final disposition of the original injunction proceeding,
or, at least, until the dissolution of the temporary injunc-
tion, and there is nothing in the answer to show that
controversies that might arise in the future were in-
cluded in the settlement. While a demurrer to the an-
swer would have been more appropriate as a means of
testing its sufficiency, it was so clearly bad as to render
the motion to strike out proper.

3. The court also erred in denying the appellant's
challenge to the juror, under the circumstances above
stated. The right to challenge a certain number of
jurors peremptorily is absolute under the statute. (Code
Civ. Proc., sec. 601.) The fact that the appellant had
once passed the jury, including the juror afterward
sought to be challenged, did not cut off this right. The
proper practice in the selection of a jury in a civil case
is to fill the panel, and upon one of the jurors being
challenged for any cause, or "without cause," to imme-
diately call another to take his place, so that a party, in
determining whether to challenge or not, may do so with

a full panel before him. (*People* v. *Scoggins*, 37 Cal. 676; *Taylor* v. *N. P. R. R. Co.*, 45 Cal. 323, 330.)

The fact that a party may pass the panel as satisfactory to him, at a certain stage of the examination, cannot be held to cut off his right to challenge one of the jurors so passed, at a later stage. Such changes may have been made by subsequent challenges as to render it desirable to him that the particular juror should not sit, and of this the party must be the sole judge. The right of challenge may be exercised at any time before the juror is sworn. (See, on this point, *Sterling Bridge Co.* v. *Pearl*, 80 Ill. 251; *Hunter* v. *Parsons*, 22 Mich. 96; *Hartzell* v. *Commonwealth*, 40 Pa. St. 462, 466; *Spencer* v. *De France*, 3 G. Greene, 216.)

But the respondents contend that the question as to the correctness of this ruling is not properly presented. It is treated by the appellants as an " irregularity in the proceedings of the court," by which they were prevented from having a fair trial, and they attempt to present the facts by affidavits. The respondents contend that if the ruling was erroneous, it was an " error in law occurring at the trial," and should have been presented by bill of exceptions or statement.

We think the respondents are right in this contention. The impaneling of a jury is a part of the trial, within the meaning of the code, and any ruling of the court with respect thereto, if erroneous, is an error of law occurring at the trial, and not a mere irregularity. The term " irregularity " cannot be applied to a ruling or decision made upon a question of law regularly presented for such decision during the trial. In such case the action is not irregular, but the decision rendered is erroneous. (See Hayne on New Trial, sec. 100.)

The term " irregularity," as here used, is of very uncertain import. We do not wish to be understood as attempting to determine, in this case, what should be considered as within the term used. (But see 2 Ab-

bott's Law Dictionary, 644; Hayne on New Trial, secs. 28 et seq., sec. 41, and cases cited.) It is enough, for the purposes of this case, to say that the ruling here complained of was not an irregularity within the meaning of the statute, and could not be properly presented by affidavit. Therefore, although the ruling was erroneous, the cause could not be reversed on that ground.

4. The action of the court in excluding the judgment roll in the injunction case was proper, for the reason that all of the facts upon which it would have been material were admitted by the answer.

5. The objection of the plaintiff to any evidence in support of the facts set up in the affirmative count of the answer should have been sustained for the reasons, stated above, for holding that the motion to strike out said count should not have been overruled.

6. It is contended that the verdict was not sustained by the evidence, and we are of that opinion. It is evident that the verdict was founded upon the answer of settlement above set out, and, admitting the settlement to have been well pleaded, the evidence wholly fails to show that the matter here in litigation was included in such settlement, and as to all the plaintiffs, except Silcox, there is no evidence tending to show that they participated in the settlement, or consented thereto, or that any one acting in the matter had any authority to bind them.

7. The fact that the court proceeded to try the case without ruling on the demurrer to the answer is complained of, but it is not shown that plaintiff called for any such ruling, or called the attention of the court to it in any way. They must, therefore, be held to have waived it. (*Brooks* v. *Douglass*, 32 Cal. 212; *McCarthy* v. *Yale*, 39 Cal. 586.)

Complaint is made as to certain rulings upon the evidence, but they relate to the forms of questions, and will probably not arise upon a second trial. For

that reason, we do not extend this opinion by considering them separately.

Judgment and order denying a new trial reversed.

McFARLAND, J., SHARPSTEIN, J., and THORNTON, J., concurred.