VÁZQUEZ PRADA, PETITIONER, *v.* ROSSY, DISTRICT JUDGE, RESPONDENT.

PETITION for a Writ of *Certiorari* to the Judge of the District Court of San Juan, Section 2, in summary foreclosure proceedings.

No. 116.—Decided March 26, 1914.

CERTIORARI—VERIFICATION OF PLEADINGS—INFORMATION AND BELIEF.—When the attorney verifies a pleading for his client for the reason that the facts are known to the former he cannot swear on information and belief, but may do so when the reason is that his client is absent or incapacitated.

ID.—VERIFICATION OF PLEADINGS—INFORMATION AND BELIEF.—When the verification of a petition for a writ of *certiorari* is based on some facts within the affiant's own knowledge and on others which he believes to be true on information and belief, the pleading sworn to or the affidavit itself should state what facts are known in one manner and what in the other.

ID.—REMEDY AT LAW—FORECLOSURE PROCEEDINGS.—The extraordinary remedy of *certiorari* does not lie to secure the nullity of summary foreclosure proceedings on the ground that one of the defendants had not been summoned, because, according to article 175 of the Regulations for the execution of the

Mortgage Law in relation to section 91 of the Code of Civil Procedure, said defendant has the adequate, speedy and effective remedy at law of securing the annulment of the summary foreclosure proceedings in an ordinary action and of recording a notice of the pendency of his action in the registry of property for the information of interested third parties.

ID.—RECORD.—In *certiorari* proceedings this court can consider only the allegations and proceedings upon which the lower court based its decision and it is not proper to allege in the petition facts not appearing in the record.

The facts are stated in the opinion.

*Mr. Rafael López Landrón* for petitioner.

The defendant filed a brief *pro se* and appeared through his attorney, *Mr. Herminio Díaz Navarro.*

MR. JUSTICE ALDREY delivered the opinion of the court.

In a petition verified by his attorney, Rafael López Landrón, and filed in this court, Arturo Leopoldo Vázquez Prada y López applied for a writ of *certiorari* addressed to Jesús María Rossy, Judge of the District Court of San Juan, Section 2, and to Vicente Rocco and his wife, Rosa María Cesarino y Brandy, praying that this court review and set aside the summary foreclosure proceedings prosecuted by the said conjugal partnership against the petitioner and others, because, although of age, the petitioner had not been summoned, heard, or defeated in the proceedings, notwithstanding which fact the property of which he is a joint owner was sold at public auction.

The writ having been issued and the record received accompanied by a brief of the trial judge in support of his procedure, a hearing was had at which the attorney for the petitioner and Herminio Díaz Navarro, the attorney who prosecuted the foreclosure proceedings in the lower court, appeared.

In the brief of the judge and in the argument of Herminio Díaz it was urged that this court should discharge the writ for the following reasons: Because the oath to the petition was insufficient; because the petitioner had an adequate, speedy, and effective remedy at law; finally, because from the initial complaint filed in the proceedings, Arturo Leopoldo Vázquez Prada did not appear to be of age but a minor

under the *patria potestas* of his mother, and the summons to make payment having been served upon her, it applied to her son under her guardianship and legal custody.

As to the first ground of objection, section 118 of the Code of Civil Procedure allows pleadings to be verified by the attorney in any of the three cases following: First, when the party is absent from the district where the attorney resides; second, where the party is unable to verify the pleadings for some other cause; third, when the facts are within the knowledge of the attorney. In this last case the attorney cannot swear upon information and belief and the doctrine laid down in the case of *Silcox* v. *Lang,* 78 Cal., 121, cited in support of the contention that the affidavit of López Landrón should be stricken out, is applicable. When the attorney verifies a pleading in either of the other two cases, as in the present instance, he is not limited to facts within his own knowledge. Nevertheless, when the verification is based both on facts within his own knowledge and others which he believes to be true on information or belief, he should state in the pleading sworn to or in the affidavit itself what facts are known in one manner and what in the other. *Rivera* v. *Camara,* 17 P. R. R., 503. In the present case neither the petition nor the affidavit fulfils this requirement, but as the writ was issued and there are other reasons why it should be vacated, we will disregard this defect.

From the proceedings had before the lower court it appears that a complaint was filed in summary foreclosure proceedings under the provisions of the Mortgage Law and its Regulations to recover a certain sum secured by a mortgage on a house in this city and that when the petitioner filed his application for a writ of *certiorari* the encumbered property had been sold at public auction and awarded to the plaintiffs in payment of their credit. In view of these facts let us see whether the petitioner had an adequate, speedy, and effective recourse at law to secure the relief sought in this writ of *certiorari.*

The Supreme Court has decided frequently that as the writ of *certiorari* is an extraordinary and privileged proceeding it cannot be granted when there is an adequate, speedy, and effective remedy at law for securing the same relief. It is true that in summary foreclosure proceedings for the recovery of mortgage debts no appeal is allowed the petitioner, but paragraph 6 of subdivision 3 of article 175 of the Regulations for the execution of the Mortgage Law provides that the claims of the debtor involving the nullity of the proceedings shall be heard in an ordinary action. Therefore, there can be no doubt that the petitioner has an ordinary remedy at law to secure the decree of nullity which he seeks by this extraordinary proceeding of *certiorari,* and the only question to be considered is whether said remedy is adequate, speedy, and effective, because if it is not, then the writ of *certiorari* will lie notwithstanding the existence of the ordinary remedy.

In deciding this phase of the question it is well to bear in mind the decision in the case of *Arpín* v. *del Toro, District Judge,* 8 P. R. R., 276, as it is very similar to the present case. That was a case where in order to execute the judgment a servitude was created on property belonging to Arpín, who had not been a party to the action, and recorded in the registry of property, and the said Arpín having applied to this court for a writ of *certiorari* to secure the annulment of the servitude and its record in the registry, it was held that said writ did not lie because he had recourse to an ordinary action at law for the annulment of the record of the servitude and that of a preliminary injunction or restraining order in conjunction with said action in case it should be necessary to prevent the accomplishment of any act which might tend to damage the property. In the case at bar the provision of the Regulations for the execution of the Mortgage Law cited grants the person who seeks the annulment of the proceedings the right to retain the proceeds of the sale, and section 91 of the Code of Civil Procedure gives him the

right to record a notice of the pendency of the action in the registry of property as notice to interested third parties, and all these remedies are adequate, speedy, and effective for securing the result of the suit. Therefore, in accordance with our ruling in the case of Arpín *supra,* we must conclude that the writ of *certiorari* invoked by the petitioner does not lie because there exists an adequate, speedy, and effective remedy at law to secure the nullity sought.

But we must say also that in deciding *certiorari* proceedings we cannot consider matters other than those upon which the trial court based its decision and that, therefore, it is not proper to allege in the petition facts which were not at issue in the lower court. We mention this because the petitioner alleges in his petition as a fundamental ground thereof that although of age he was not summoned when that fact is not shown from the pleadings which the judge had before him in deciding the case. On the contrary, it appeared that he was a minor under the *patria potestas* of his mother, Luisa López Laborde, the defendant.

For the foregoing reasons the writ of *certiorari* should be discharged.

*Writ discharged.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.