VÁZQUEZ-PRADA, PETICIONARIO, *v.* ROSSY, JUEZ DE DISTRITO, DEMANDADO.

SOLICITUD para que se expida mandamiento de *certiorari,* al Juez de la Corte de Distrito de San Juan, Sección 2ª., en un procedimiento sumario hipotecario.

No. 116.—Resuelto en marzo 26, 1914.

CERTIORARI — JURAMENTO DE LA SOLICITUD POR EL ABOGADO — INFORMACIÓN Y CREENCIA.—Cuando el motivo de jurar el abogado por su cliente es que los hechos le son conocidos, no puede hacerlo por información y creencia, pero sí cuando se basa en estar ausente o imposibilitado su cliente.

ID.—JURAMENTO DE LA SOLICITUD POR CONOCIMIENTO PROPIO Y POR INFORMACIÓN O CREENCIA.—Cuando el juramento de una solicitud de *certiorari* se hace basado en hechos que constan de propios conocimientos y en otros por información o creencia que se cree cierta, deberá expresarse en la alegación que se jura o en el propio juramento cuáles se conocen de un manera y cuáles de otra.

ID.—RECURSO EN LEY ADECUADO, RÁPIDO Y EFICAZ—PROCEDIMIENTO EJECUTIVO HIPOTECARIO.—Es improcedente el recurso extraordinario de *certiorari* para anular un procedimiento ejecutivo hipotecario por no haber sido notificado uno de los demandados, porque de acuerdo con el artículo 175 del reglamento de la ley hipotecaria en relación con el artículo 91 del Código de Enjuiciamiento Civil, tal demandado tiene en ley el remedio adecuado, rápido y eficaz de pedir la nulidad del procedimiento ejecutivo hipotecario en una acción ordinaria y anotar en el registro de la propiedad la presentación de la demanda para conocimiento de terceros adquirentes.

Id.—Documentos que Deben Considerarse—Presentación de Pruebas.—En un recurso de *certiorari* sólo puede tener en cuenta este tribunal las constancias y procedimientos que sirvieron de base al juez inferior para dictar su resolución y no pueden alegarse ni probarse hechos distintos de los que resultan de los autos.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. Rafael López Landrón.*

El demandado compareció por escrito en nombre propio y por medio de su abogado Sr. Herminio Díaz Navarro.

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Arturo Leopoldo Vázquez Prada y López nos presentó una solicitud jurada por su abogado D. Rafael López Landrón para que expidiéramos un auto de *certiorari* dirigido contra el Hon. Jesús Ma. Rossy, Juez de la Sección 2ª. del Tribunal de Distrito de San Juan y contra Vicente Rocco y su esposa Rosa María Cesarino y Brandy, a fin de que revisando el procedimiento ejecutivo hipotecario seguido por dicho matrimonio contra el peticionario y otros, lo anuláramos en atención a que siendo el peticionario mayor de edad no había sido citado, oído ni vencido en el procedimiento, no obstante lo cual había sido vendida en pública subasta la finca en que es condueño.

Expedido el auto y recibidas las diligencias reclamadas con un informe del juez justificando sus procedimientos, se celebró la vista con asistencia del abogado del peticionario y de Don Herminio Díaz Navarro, abogado que siguió el ejecutivo en el tribunal inferior. En el informe escrito del juez y en el oral del Sr. Díaz Navarro se alegó que debíamos anular el auto expedido porque el juramento de la solicitud era insuficiente, porque el peticionario tenía remedio en ley adecuado, rápido y eficaz y en último caso porque de la demanda inicial del procedimiento no resultaba ser Arturo Leopoldo Vázquez Prada mayor de edad sino menor bajo la patria potestad de su madre y habiendo sido esta señora requerida de pago, su requerimiento era el de su hijo bajo su guarda y custodia legal.

En cuanto al primer motivo de objeción el artículo 118 del Código de Enjuiciamiento Civil permite que el abogado jure por su cliente en alguno de estos tres casos: 1°. por la ausencia de la parte del distrito donde su abogado resida; 2°. por la imposibilidad de la parte por alguna otra causa para prestarlo; y 3°. cuando los hechos sean conocidos por el abogado. En este último caso es que no puede el abogado jurar por información y creencia y que es aplicable la doctrina expuesta en el caso de *Silcox* v. *Land,* 78 Cal., 121, que se cita para que se elimine el juramento que prestó López Landrón. Cuando el abogado presta el juramento en alguno de los otros dos casos, como ocurre ahora, entonces no está constreñido a hechos que le consten de propio conocimiento. Sin embargo, cuando el juramento se hace basado en hechos que constan de propio conocimiento y en otros por informacion o creencia que se cree cierta, deberá expresarse en la alegación que se jura o en el propio juramento cuáles se conocén de una manera y cuáles de otra. *Rivera* v. *Cámara,* 17 D. P. R., 533. En este caso ni la petición ni el juramento cumplen con este requisito, pero como el auto se expidió y hay otras razones para anularlo, prescindiremos de ese defecto.

De las diligencias seguidas ante el tribunal inferior resulta que se trata de una demanda por el procedimiento ejecutivo de la Ley Hipotecaria y su Reglamento, para hacer efectiva cierta cantidad garantizada con hipoteca en una casa de esta ciudad y que cuando el peticionario nos presentó su solicitud de *certiorari,* la finca gravada había sido vendida en pública subasta y adjudicada a los demandantes en pago de su acreencia. Con estos hechos veamos si el peticionario tenía procedimiento en ley adecuado, rápido y eficaz para conseguir la nulidad que pretende en este *certiorari.*

Muchas veces ha sido tratado por el Tribunal Supremo y resuelto, que por ser el auto de *certiorari* un procedimiento extraordinario y privilegiado no puede concederse cuando hay un recurso en ley para conseguir el mismo fin que sea adecuado, rápido y eficaz. Es cierto que en el procedimiento ejecutivo

hipotecario para cobro de hipotecas no se concede recurso de apelación al peticionario, pero el párrafo 6º. del número 3º. del artículo 175 del Reglamento para la ejecución de la Ley Hipotecaria dispone que las reclamaciones del deudor referentes a la nulidad del procedimiento deberán tratarse en un juicio ordinario. No puede por tanto haber duda de que el peticionario tiene un recurso ordinario en ley para conseguir la declaración de la nulidad que pretende por este recurso extraordinario de *certiorari* y la única cuestión a considerar es si tal remedio es adecuado, rápido y eficaz pues si no lo es, entonces a pesar de su existencia, será procedente el *certiorari*.

Para resolver este aspecto de esa cuestión es bueno tener presente lo resuelto en el caso de *Arpín* v. *del Toro, Juez de Distrito*, 8 D. P. R., 290, porque guarda gran analogía con el actual. Se trataba en ese caso de que para cumplir una sentencia se constituyó e inscribió en el registro de la propiedad una servidumbre sobre una finca de Arpín, quien no había sido parte en el pleito y habiendo acudido dicho señor a este Tribunal Supremo con un recurso de *certiorari* para que se anulara la constitución e inscripción de esa servidumbre, se declaró que era improcedente dicho recurso porque tenía el remedio de acudir a un juicio ordinario de nulidad de la inscripción de la servidumbre y el de *injunction* o interdicto prohibitorio preliminar establecido conjuntamente con aquel juicio, si llegaba la necesidad de tener que impedir cualquier hecho que tratase de causar perjuicio en la propiedad. En el presente caso el precepto antes citado del Reglamento de la Ley Hipotecaria concede al que reclama la nulidad del procedimiento el derecho de retener el precio del remate y el artículo 91 del Código de Enjuiciamiento Civil el de anotar su demanda en el registro de la propiedad para conocimiento de terceros adquirentes, siendo todos estos remedios adecuados, rápidos y eficaces para asegurar el resultado del pleito. Por consiguiente, de acuerdo con el caso de Arpín citado, hemos de concluir que el recurso de *certiorari* del peticionario

es improcedente porque existe remedio en ley adecuado, rápido y eficaz para la nulidad que se pretende.

Pero debemos decir también que al resolver nosotros un recurso de *certiorari* no podemos tener en cuenta otras constancias y diligencias que las mismas que sirvieron de base al juez para sus resoluciones y que no es lícito, por tanto, aducir en la solicitud hechos distintos de aquéllas. Decimos esto, porque el peticionario consigna en su solicitud como hecho fundamental de ella, que siendo mayor de edad no fué citado, cuando tal hecho no consta de los documentos que el juez tuvo ante sí para resolver, sino por el contrario el de que es un menor de edad bajo la patria potestad de su madre la demandada Doña Luisa López Laborde.

Por las razones expuestas debe anularse el auto de *certiorari*.

*Anulado el mandamiento de* certiorari *expedido.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.