[L. A. No. 4209. In Bank.—March 18, 1916.]

# H. G. BITTLESTON LAW AND COLLECTION AGENCY (a Corporation), Respondent, v. GERTRUDE C. HOW-ARD, Appellant.

PRACTICE—VERIFICATION OF COMPLAINT—FACTS WITHIN KNOWLEDGE OF AFFIANT — VERIFICATION BY ASSIGNOR OF CORPORATION. — An affidavit of verification to a complaint, made by the assignor of the corporate plaintiff, which sets forth that the affiant "is the assignor of the plaintiff in the above-entitled action, and, for that reason, is better informed as to the facts thereof than said plaintiff; that he has read the foregoing complaint and knows the contents thereof, and that the same is true of his own knowledge, except as to matters which are therein stated on information and belief, and as to those matters that he believes it to be true," fully meets the provision of section 446 of the Code of Civil Procedure, allowing a person not a party to verify where the facts are within his knowledge, when the complaint contains no averments on information and belief. (*Silcox* v. *Long*, 78 Cal. 118, overruled.)

ID.—REASONS WHY VERIFICATION NOT MADE BY PARTY.—Such affidavit contains a sufficient statement of the reasons why it was not made by one of the parties.

ID. — CORPORATION AS PLAINTIFF — OFFICER NEED NOT VERIFY. — The clause in section 446 providing for verification of a pleading by an officer when the corporation is a party is not exclusive. It is permissive only, and does not exclude an attorney or other person from making the verification in a proper case.

ID.—FILING UNVERIFIED ANSWER—JUDGMENT ON PLEADINGS.—Where an unverified answer is filed to a verified complaint, a motion for judgment on the pleadings is proper, without a preliminary motion to strike the answer from the files.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge.

The facts are stated in the opinion of the court.

Charles J. Kelly, for Appellant.

Gray & Bittleston, and Cook, Gray & Bittleston, for Respondent.

LAWLOR, J.—This is an action brought by the plaintiff corporation against the defendant for an alleged breach of

two agreements in writing whereby the defendant employed
R. W. Kinsey, the plaintiff's assignor, as her agent, for the
purpose of securing certain loans on real property in the
county of Los Angeles, and for the securing of which loans
she agreed to pay the said R. W. Kinsey commissions amount-
ing to $342. The said agreements are set forth in two counts
in the amended complaint, which purports to be verified by
the said R. W. Kinsey. A demurrer was interposed by the
defendant to the amended complaint and overruled, where-
upon the defendant served and filed an unverified answer in
the form of a general denial. The plaintiff moved the court
for judgment on the pleadings on the ground that the unveri-
fied answer to the verified complaint constituted no defense
to the cause of action or any portion thereof. The motion
was granted and judgment was entered on the pleadings as
prayed for. Defendant appeals.

The sole question presented is whether the amended com-
plaint was properly verified. It is contended, "that the affi-
davit of verification to the complaint herein and relied upon
by the plaintiff upon such motion, is not such an affidavit
as to make the complaint a verified pleading within the pro-
visions of section 446 of the Code of Civil Procedure, and
was therefore an unverified complaint to which an unverified
answer and a general denial is permitted (Code Civ. Proc.,
sec. 437)." "In this case," says the appellant, "although
the affidavit is made by a person who is not a party to the
action, it does not state that the facts are 'within the knowl-
edge' of the person verifying, nor does the affidavit set forth
the reasons why it is not made by the party."

The affidavit is not open to either of these objections.

Section 446 of the Code of Civil Procedure provides:
"Every pleading must be subscribed by the party or his at-
torney. . . . In all cases of a verification of a pleading, the
affidavit of the party must state that the same is true of his
own knowledge, except as to the matters which are herein
stated on his information or belief, and as to those matters
that he believes it to be true, and where a pleading is veri-
fied, it must be by the affidavit of a party, unless the parties
are absent from the county where the attorney has his office,
or from some cause unable to verify it, or the facts are within
the knowledge of his attorney or other person verifying the
same. When the pleading is verified by the attorney, or any

other person except one of the parties, he must set forth in the affidavit the reasons why it is not made by one of the parties.  When a corporation is a party, the verification may be made by any officer thereof. . . . "  The affidavit of verification is as follows:

"R. W. Kinsey, being duly sworn, deposes and says: That he is the assignor of plaintiff in the above-entitled action, and, for that reason, is better informed as to the facts thereof than the said plaintiff; that he has read the foregoing complaint and knows the contents thereof, and that the same is true of his own knowledge except as to matters which are therein stated on information and belief, and as to those matters that he believes it to be true."

The affidavit, it will be noted, contains the usual qualification of the statute—"except as to the matters which are therein stated on his information or belief."  But the complaint contains no allegation based on information and belief, and therefore the averment must be treated as mere surplusage.  (*Lassen* v. *Board of Dental Examiners*, 24 Cal. App. 767, [142 Pac. 505].)  As no fact is stated in the body of the complaint upon the information and belief of affiant, the verification is to be regarded as a positive affirmance of the truth of the allegations of the complaint, notwithstanding the use of the form of the verification containing the usual words "except as to matters which are therein stated on information and belief."  (*Christopher* v. *Condogeorge*, 128 Cal. 581, [61 Pac. 174]; *Patterson* v. *Ely*, 19 Cal. 28.)

Omitting the averment based on information and belief from the affidavit, it still states that the affiant has read the complaint and knows the contents thereof, and that the same is true.  This is clearly the equivalent of an averment in the exact language of the section—that "the facts are within the knowledge" of the affiant.  But, in addition to the above, the affidavit avers that the affiant is the assignor of the plaintiff, and the agreements, which are set out in the complaint, show that they were entered into between the affiant and the defendant.  The requirements of this branch of the section were fully complied with.

Nor does the affidavit fail to state the reasons why the verification was not made by the plaintiff corporation.  As already stated, the complaint alleges that the agreements were entered into between the affiant and the defendant.  The

former therefore had primary knowledge of the facts. He subsequently assigned the claim to the corporation. While it does not affirmatively appear whether the corporation or its officers had knowledge of the facts relating to the transactions between the affiant and the defendant, it cannot be doubted that the affiant was qualified to verify the facts from first-hand knowledge. "The object of the verification is to insure good faith in the averments of the party." (*Patterson* v. *Ely,* 19 Cal. 28.) Upon all the facts the reason sufficiently appears why the affidavit was made by the assignor instead of one of the officers of the plaintiff corporation. It is not vital to such a verification that the affidavit specify in formal characterization the facts constituting the reasons why it is not made by the party, where such reasons can be gathered from all the facts stated in the affidavit, when read in the light of the pleading.

In *Newman* v. *Bird,* 60 Cal. 372, the affidavit of verification is made by the agent of the party who states that he is such agent; that he has heard read the complaint; that he knows the contents thereof; that the same is true of his own knowledge; and that he therefore swears that the facts, stated in the complaint, are within his own knowledge and that they are true. The court said: "The reason given in this case for the verification of the complaint by the agent is, that the facts are within his knowledge, and that brings the case within the language of the section of the Code above cited. We are therefore of the opinion that the complaint was properly verified."

In that case the verification was held sufficient because it was made by an agent who averred that the facts set out in the complaint were within his own knowledge. In this case the affiant states that he is the assignor of the corporation; that the facts are true of his own knowledge; and for the reason that he is the assignor of the plaintiff he is better informed as to the facts. This is a sufficient statement of the reason why the verification is not made by the plaintiff.

*Silcox* v. *Lang,* 78 Cal. 118, [20 Pac. 297], is relied upon by the appellant to establish the insufficiency of the verification here. But we think the case is clearly distinguishable on the facts. The affiant in that case, the attorney for the defendants, averred "that he has read the foregoing answer and knows the contents thereof, and that the same is true

of his own knowledge.'' This is the same as the correspond-
ing averment in this case and by itself would constitute an
averment that the facts are within his knowledge. But the
two cases are not otherwise identical.

Under section 446 of the Code of Civil Procedure the veri-
fication may be made by the attorney, or another person,
when the party is absent from the county, or from some cause
unable to verify the pleading, and in the presence of either
of these conditions the verification may be made by the at-
torney or other person on information or belief. Or, if the
facts are within the knowledge of the attorney or other per-
son, either may verify the pleading without regard to the
existence of such conditions. In *Silcox* v. *Lang,* 78 Cal. 118,
[20 Pac. 297], the affidavit of the attorney purported to aver
his knowledge and information or belief. It does not appear
whether the answer contained any allegations based on infor-
mation or belief. But, inasmuch as the affidavit did not
state as a reason for the attorney making the affidavit either
the absence or inability of the party, the averments on in-
formation or belief added nothing to the verification. The
attorney, evidently in an attempt to comply with the clause
of the section calling for the reasons why the affidavit was
not made by the party, averred that ''as such attorney the
facts are more fully known to him than said defendants, and
therefore he makes this affidavit.'' The court held that the
affidavit was insufficient because it did not aver that the facts
were within the knowledge of the attorney, and ''shows no
reason why the pleading might not have been verified by
the parties.'' It is apparent from the decision that the aver-
ment as to the information or belief of the attorney, and that
which purports to state the reason why the parties did not
make the verification, were held to qualify the preceding aver-
ment as to the knowledge of the affiant, and hence that the
affiant did not in direct terms aver that the facts were ''within
his knowledge'' as was necessary since the affidavit did not
state that the parties were absent or unable to act. *Newman*
v. *Bird,* 60 Cal. 372, was not referred to in the decision.

In this case the averments covering the reasons why the
corporation did not verify the complaint does not qualify the
averment that the facts were within the knowledge of the affi-
ant. On the contrary, the averment that he is the assignor
and for that reason is better informed than the corporation

adds force to the averment that the facts are true of the assignor's own knowledge. All the averments of the affidavit, when read in connection with the complaint, affirm a primary knowledge of the facts on the part of the assignor, and this must be deemed a sufficient statement of the reasons why the party did not verify the complaint.

The plaintiff in this case is a corporation and the affiant is not an officer thereof. But the clause in section 446 providing for verification of a pleading by an officer when the corporation is a party is not exclusive. It is permissive only, and does not exclude an attorney or other person from making the verification in a proper case. (See *High Rock Knitting Co.* v. *Bronner*, 28 Misc. Rep. 627, [43 N. Y. Supp. 725].) The clause is qualified by the preceding part of the section, and is not to be construed as a limitation that only the officers of a corporation can verify the pleadings thereof.

The motion for judgment on the pleadings, without a preliminary motion to strike the answer from the files, was proper. (*Hearst* v. *Hart*, 128 Cal. 327, [60 Pac 846].)

No other points require consideration. The judgment is affirmed.

SLOSS, J., Concurring.—I concur in the judgment. The affidavit shows that the facts were within the knowledge of the affiant Kinsey. He declares "that he has read the foregoing complaint and knows the contents thereof and that the same is true of his own knowledge. . . . " The statement that facts are true of one's own knowledge necessarily imports that the facts are within his knowledge. The added words "except as to matters which are therein stated as to information and belief" do not qualify the positive character of the verification, since the pleading contains no averments on information and belief. The verification, therefore, fully meets the provision of section 446 of the Code of Civil Procedure, allowing a person not a party to verify where the facts are within his knowledge.

I am, however, unable to see any distinction in this respect between the case at bar and *Silcox* v. *Lang*, 78 Cal. 118, [20 Pac. 297]. The verification which was there held to be insufficient was in the same form as the one before us. There is nothing in the report of the Silcox case to show that the pleading there in question contained any allegation on in-

formation and belief. I think, therefore, that *Silcox* v. *Lang,* should, so far as it touches the point under discussion, be distinctly and unequivocally overruled.

I agree to the view that the affidavit contains a sufficient statement of the reasons why it is not made by one of the parties.

Shaw, J., Melvin, J., Henshaw, J., and Angellotti, C. J., concurred.

Rehearing denied.