Nazario, Plaintiff and Appellant, v. Atlas Assurance Co., Ltd., Defendant and Appellee.

Appeal from the District Court of Mayagüez in an Action of Debt.

No. 1443.—Decided July 19, 1916.

Pleading—Answer—Verification—Attorney's Knowledge of Facts.—According to section 118 of the Code of Civil Procedure, the verification of an answer by the attorney is clearly defective when he avers only that the facts alleged therein are true of his own knowledge except as to those matters alleged upon information and belief, which he also believes to be true, without specifying in the answer itself or in the verification what facts he knows in one way and what in the other.

Id.—Answer—Verification—Third Person—Verification by Attorney.—It is deduced from section 118 of the Code of Civil Procedure that an answer may be verified by a person having knowledge of the facts, although he may be neither the defendant nor a party to the suit, when the defendant is unable to verify it for lack of knowledge of the facts; but the affidavit should state the reason why the defendant did not make the verification. If neither the party nor the person having knowledge of the facts can make the affidavit and the answer is verified by the attorney, it is his duty to state such fact in the affidavit in order to give it legal effect.

Id.—Id.—Verification by Agents—Parties.—Pursuant to the last paragraph of section 118 of the Code of Civil Procedure, the authorized agents of a company who are such when the answer is filed may verify the same in case the agent who represented said company at the time the contract was entered into is unable to do so, for the fact that they are such authorized agents of the defendant makes them parties to the action.

The facts are stated in the opinion.

*Mr. Angel A. Vázquez* for the appellant.

The appellee did not appear.

Mr. Chief Justice Hernández delivered the opinion of the court.

This is an appeal by the plaintiff, Catalina Nazario, widow of Buil, from a judgment of the District Court of Mayagüez of November 22, 1915, sustaining a motion for nonsuit made by the defendant on the ground of the insufficiency of the evidence, and, as a consequence, dismissing the action with costs, expenses, disbursements and attorney fees against the plaintiff.

The complaint, which is verified, alleges:

1. That the defendant is a corporation engaged in the fire insurance business, with its principal offices in Cheapside, London, and authorized to do business in Porto Rico, having an office at Mayagüez under the name of Sánchez Morales & Company, of which Luis F. Sánchez is manager.

2. That about April 3, 1913, the plaintiff was the owner of a one-story masonry building at No. 2 Peral Street, Mayagüez.

3. That on the said date the plaintiff contracted for the insurance of the said building against fire with the defendant, through its agents, J. T. Silva & Company, Limited, now in liquidation, for a period of one year beginning April 3, 1913, and ending at 4 p. m. of the same day and month of 1914, the insurance being for the sum of $1,300, as evidenced by Policy No. 7821572, which was signed by the said agents of the defendant.

4. That on account of improvements made to the said building, on April 3, 1914, plaintiff proposed to the defendant, through its agents, to take out a new policy insuring the same building for the sum of $2,000, to take effect on the date of acceptance.

5. That the proposal was accepted on April 6, 1914, and the contract was entered into for one year, the defendant being paid the corresponding premium and the new contract extended in Policy No. 7821873, which was signed by the defendant through its agents, J. T. Silva & Company, Limited, in liquidation, on the said date, or April 6, 1914.

6. That at daybreak on April 4, 1915, the insured property was accidentally and totally destroyed by fire.

7. That on the following day, April 5, being desirous of proceeding to collect the amount of Policy No. 7821873 which the plaintiff had kept without reading or examining under the firm belief that it was conditioned to expire on, April 6, 1915, as agreed upon by the plaintiff and defendant,

she found that the defendant had stated mistakenly in the contract that the policy would expire at 4 p. m. on April 3, 1915, whereas it really did not expire until 4 p. m. on April 6, 1915, or one year from the date on which it was signed.

8. That on or about April 5, 1915, the defendant, through its Mayagüez office, in the presence of several persons and by a telegram signed by the firm of Sánchez Morales & Company and directed to the agents, J. T. Silva & Company, in liquidation, under the code address of "Silvaco," acknowledged and admitted that the contract of insurance in question was agreed upon and executed on April 6, 1914, and expired on April 6, 1915, which fact, the plaintiff further alleges, appears from the books of the defendant's office in Mayagüez.

9. That the defendant refuses to pay to the plaintiff the sum of $2,000, the amount of the insurance, although the same has been demanded.

The complaint concludes with a prayer for judgment against the defendant in the sum of $2,000, with lawful interest from the time the complaint was filed, together with costs, disbursements and attorney fees.

In the answer to the complaint, verified by its attorney, the defendant demurred on the ground that it did not state facts sufficient to constitute a cause of action and also pleaded as follows:

1. It denies that it has or has had an agency or sub-agency representing it in Mayagüez under the name of Sánchez Morales & Company, since the said Mayagüez firm, whose manager is Luis F. Sánchez, is merely an insurance soliciting agency with no authority to represent the defendant, its only authorized agent in Porto Rico now being the firm of Sánchez Morales & Company, of San Juan, and its only authorized agent on the dates of the occurrences originating this action being Successors of J. T. Silva & Company, Limited, of San Juan.

2. It denies that on April 3, 1914, the plaintiff proposed to it to enter into a new contract of insurance for $2,000, for what the plaintiff proposed was that the insurance on the said building be increased from $1,300 to $2,000 for another year from the date of the expiration of the first policy, or from April 3, 1914.

3. It denies that its agents issued any policy in favor of the plaintiff for one year beginning April 6, 1914.

4. It denies that the agreement to renew and increase the policy issued to the plaintiff was for one year from April 6, 1914, as it actually was effective from the date of the expiration of the former policy on April 3, 1914, and was for one year terminating on the same day of 1915, the plaintiff having accepted the said substitute policy and paid the premium charged.

5. It denies that either on April 5 or on any other date it admitted and acknowledged in a telegram, or otherwise, that the insurance contract would expire on April 6, 1915, or that such admission or acknowledgment appears in the books of the office of Sánchez Morales & Company, of Mayagüez.

6. It denies that it owes the sum of $2,000, or any other amount, to the plaintiff.

As new matter of defense, the defendant also set up (*a*) that when the plaintiff asked the defendant, through its soliciting agents of Mayagüez, Sánchez Morales & Company, to renew and increase her policy she imposed the condition that the insurance of $1,300 for the first year should continue in force and be increased by $700, without admitting that the company should treat it as new insurance; (*b*) that during the month of April, 1915, the only agents authorized to represent the defendant in Porto Rico were J. T. Silva & Company, Successors, of San Juan, and that on the said date Sánchez Morales & Company, of Mayagüez, were simply soliciting agents of the company without authority to represent or bind it legally.

The answer concludes with a prayer that the complaint be dismissed with costs, expenses, disbursements and attorney fees against the plaintiff.

On November 22, 1915, the day set for the trial, the plaintiff moved the court to strike from the answer the verification made by Attorney Frank Martínez on the ground of its insufficiency and lack of legal force, and in case this part of the motion should be overruled, to strike out various allegations; some because they were not specific denials of facts set up in the complaint, others because they did not establish a good defense or opposition, and others because they were impertinent, argumentative, evasive and redundant.

The court overruled the said motion and held that the verification was sufficient and that the essential facts of the complaint had been specifically denied, to which ruling the plaintiff excepted.

The plaintiff having rested, the defendant made a motion for nonsuit which the court sustained on the ground that the evidence was obviously insufficient to support the plaintiff's claim, and as a consequence rendered the judgment appealed from in the terms already indicated.

In her brief filed in this court the plaintiff-appellant alleges, among other grounds for reversal of the judgment appealed from, that the court erred in not striking out the verification of the answer by Attorney Frank Martínez, thus violating section 118 of the Code of Civil Procedure.

The appellee did not appear in the opposition to the appeal.

The affidavit verifying the answer to the complaint is as follows:

"Frank Martínez, of age, attorney, married, resident of San Juan, Porto Rico, being duly sworn, says:

"That he is one of the attorneys for the defendant company in the above-entitled action; that he has read the foregoing answer and knows the contents thereof to be true of his own knowledge,

except as to the facts therein alleged on information and belief, and that as to said facts he believes them to be true.

"That this answer is verified by the attorney and not by the agents of the company because he is acquainted with the facts, and the present agents, Sánchez Morales & Company, are not. (Signed) Frank Martínez.

"Subscribed and sworn to before me by Frank Martínez, of age, attorney, married, resident of San Juan, to me personally known, this fifth day of October, 1915. (Signed) Francisco Azuar, Secretary of the District Court."

The said affidavit does not conform to the provisions of section 118 of the Code of Civil Procedure.

That section provides that in all cases of verification of a pleading the affidavit of the party must state that the same is true of his own knowledge, except as to the matters which are therein stated to be on his information or belief; and as to those matters, that he believes it to be true; and where a pleading is verified, it must be by the affidavit of the party, unless the parties are absent from the district where the attorney resides, or from some cause are unable to verify it, or the facts are within the knowledge of the attorney, or other person verifying the same.

In the case of *Vázquez Prada* v. *Rossy,* 20 P. R. R. 181, this court said:

"* * * section 118 of the Code of Civil Procedure allows pleadings to be verified by the attorney in any of the three cases following: First, when the party is absent from the district where the attorney resides; second, where the party is unable to verify the pleadings for some other cause; third, when the facts are within the knowledge of the attorney. In this last case the attorney cannot swear upon information and belief and the doctrine laid down in the case of *Silcox* v. *Lang,* 78 Cal. 121, * * * is applicable. When the attorney verifies a pleading in either of the other two cases * * * he is not limited to facts within his own knowledge. Nevertheless, when the verification is based both on facts within his own knowledge and others which he believes to be true on information and belief, he should state in the pleadings sworn to or in the

affidavit itself what facts are known in one manner and what in the other. *Rivera* v. *Cámara*, 17 P. R. R. 503.''

In the present case Frank Martínez, the attorney for the defendant, states clearly in his verification that the answer is true and that he knows it to be true of his own knowledge, except as to the matters therein stated on information and belief, and that as to those he believes it to be true; but fails to specify in the answer what facts he believes to be true upon information and what he knows of his own knowledge, or to state in the affidavit itself what facts are known in the one manner and what in the other.

The affidavit is plainly defective and can have no legal effect. 31 Cyc. 542.

''Affidavits are solemn acts which should be conscientiously performed, and the affiant should understand and realize the liability incurred, and they should be drawn in clear and definite terms and should not be vague and indefinite.'' *Pérez* v. *The Executice Council*, 16 P. R. R. 677.

The appellant claims that the answer should have been verified by one of the members of J. T. Silva & Company, Limited, in liquidation, who were the representatives of the defendant on the dates referred to in the complaint and therefore the persons in position to know and swear to the facts pleaded against the allegations made by the plaintiff, and Attorney Martínez does not explain the reason why the affidavit was not made by one of the members of J. T. Silva & Company.

We are of the opinion that the answer could have been verified by J. T. Silva & Company, Limited, in liquidation, although they were not parties to the action, in accordance with section 118 of the Code of Civil Procedure, which provides that where a pleading is verified it must be by the affidavit of a party, unless, among other causes, he is unable to verify it because the facts are within the knowledge of his attorney or other persons verifying the same; and this

is corroborated by the same section when it prescribes that where the pleading is verified by the attorney, or any other person except one of the parties, he must set forth in the affidavit the reason why it is not made by one of the parties. J. T. Silva & Company, Limited, were the proper persons to verify the answer and if unable to do so, Attorney Martínez should have so stated in his affidavit in order to give the same proper legal force and effect.

The attorney for Catalina Nazario also contends that the averment made by Attorney Martínez in his affidavit that the facts set up in the answer were not known to the present agents, Sánchez Morales & Company, is not a sufficient reason for his making the affidavit; for inasmuch as Sánchez Morales & Company is a corporation composed of various members and officers, he should have stated that the facts set up in the answer were unknown to any of the officers of the said corporation, as among the officers there might have been one who knew the facts, in which case that one would have been the proper person to verify the pleading.

We are of the opinion that as Sánchez Morales & Company were the authorized agents of the defendant company in Porto Rico when the answer was filed, as admitted therein, that company could have made the affidavit of verification in case the former agents, J. T. Silva & Company, Limited, were unable to do so; for the fact that Sánchez Morales & Company were the authorized agents of the defendant company made them parties to the action and the answer could have been verified by any officer of the company in conformity with the last clause of section 118 of the Code of Civil Procedure. If none of the officers of Sánchez Morales & Company had knowledge of the facts personally or by information, it should have been so stated in the affidavit, and therefore the reason given that the facts were unknown to the present agents, Sánchez Morales & Company, was not sufficient to justify the verification of the pleading by Attorney Frank Martínez.

Whether Attorney Martínez was or was not the proper person to verify the answer or whether he made the affidavit without the conditions required by law, the said verification is substantially defective; therefore the court committed the error assigned and for this reason alone the judgment appealed from should be reversed without the necessity of discussing the other grounds alleged by the appellant; but as this is a defect which may be corrected by amendment, we are of the opinion that in accordance with the doctrine laid down in the case of *Vendrell* v. *Pellot*, 21 P. R. R. 139, the judgment appealed from should be reversed and the defendant granted leave to amend its verified answer within a time to be fixed, the action then to be proceeded with according to law.

The judgment appealed from should be reversed in the terms stated.

*Reversed with leave to amend.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.